## Balch *v.* Budd Mfg. Co., Appellant.

*Workmen's compensation — Causal relation between injury and disease—Opinion of experts—Evidence—Burden of proof.*

1. In workmen's compensation cases, while the law requires the relation of cause and effect as between the injury and a subsequent disease to be established beyond mere possibility, it does not require its existence to be demonstrated with mathematical precision; probability is sufficient.

2. A finding that ostearthritis was the result of an injury to a workman in the course of his employment, will be sustained, where the physician states the result was not merely possible, but probable, and gives his reasons for this conclusion.

Argued May 1, 1923. Appeal, No. 30, Jan. T., 1924, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 7525, affirming decision of Workmen's Compensation Board, in case of William H. Balch v. Edward G. Budd Mfg. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board overruling findings of referee. Before AUDENRIED, P. J.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*C. D. Swartz,* of *Swartz & Campbell,* for appellant, cited: Fink v. Axle & Spring Co., 270 Pa. 476; Morgan v. Coal & Iron Co., 273 Pa. 255; McCoy v. Steel Co., 275 Pa. 422; Whelen v. Dock Co., 80 Pa. Superior Ct. 154.

*Edward C. Dougherty* and *Thomas Boylan,* for appellee, were not heard.

PER CURIAM, May 23, 1923:

We adopt the following excerpts from the opinion of the court below: "William H. Balch, now about twenty-one years of age, claims he is wholly incapacitated for work by a disease of his right hip joint, known as 'ilium ostearthritis.'......On July 18, 1921, he entered the employ of......defendant......as a press helper; an examination made at that time by a physician in the service of defendant showed [Balch] was then in a normal condition and that, in point of physical efficiency, he was above the average. On August 10, 1921, while engaged with others in lifting the center of a die, he sustained a rupture in his right groin. He [contends] the malady which now afflicts him developed as the result of this injury. The referee found [against the claim on the ground that Balch's impaired physical condition was not due to the accident]......On appeal, the......board, after a hearing de novo, reversed the decision of the referee and [made an award]......The board found 'that, on August 10, 1921, while lifting a heavy weight...... in the course of his employment, claimant sprained himself; he suffered acute pain, and at the time was rendered incapable of further work, and, in consequence thereof, a hernia developed.' This is amply supported by the testimony of the claimant himself and of his physician, Dr. John Groff......The finding 'that claimant's condition was not complicated by typhoid fever and [therefore] that ailment does not enter into this case,' might well rest on the testimony of Dr. Groff, who declared that, in his opinion, 'there was not any more typhoid in the case than a man in the moon.' The blood culture taken at the Presbyterian Hospital seems to have been sterile (that is, it showed no typhoid fever germs); and the Widal test was negative in its results......The finding that 'the claimant has been totally disabled since August 10, 1921, and is still totally disabled in consequence of said accident as described,' is not lacking of support in the evidence. The claimant's disability since

the accident cannot be doubted in the face of his own and his mother's testimony, which is not contradicted. That this disability probably resulted from the accident was stated by Dr. Carnett, whose testimony went beyond [asserting] that this connection was merely possible. ......The board found, 'the medical witnesses produced by the defendant, who admitted a hernia in consequence of the injury, but suggested that the total incapacity was caused by typhoid fever, [were] mistaken as to the latter.' It is to be observed that the medical witness of the defendant, Dr. Sturgis, was not positive with respect to the cause of the plaintiff's high temperature while at the hospital. He said everything present in this case was of a typhoid origin but admitted he had not had the benefit of knowing the results of the Widal test, and that the claimant's temperature chart while at the hospital was not typical of typhoid fever. He suggested the case was one of para-typhoid, but stated, 'I found it impossible to make a diagnosis in this case.' Dr. Groff......was positive Balch did not suffer from typhoid fever, and that this disease played no part as a cause of his present condition of health......Defendant contends the testimony of Dr. Carnett does not warrant the conclusions reached by the board as to the cause of the claimant's present total incapacity, because it is asserted this witness dealt with mere possibilities. So to construe what was said by Dr. Carnett, however, is unfair to him. It is true he was careful to state that the causal relation of Balch's accident to the ostearthritis which has developed in his right hip joint is by no means certain, but it is clear he considered such a relation to be not merely possible, but probable, and he gave his reasons for this conclusion. In his opinion, the disease that affects the head of the claimant's thigh bone is due to infection caused by the entry of a micro-organism into the joint. From what focus this was derived is uncertain. Such infection 'may arise in the absence of any injury. On the other hand, we know that those who have been injured are more suscep-

tible and likely to develop such trouble than those not injured.'......To the question, 'Would it be a fair statement to say the injury in this case probably so weakened the resistance of that joint as to enable the disease to take hold?' the witness replied, 'Probably, yes.'......In view of the evidence of Dr. Carnett, it cannot be successfully maintained there is no basis for the finding 'that the claimant is, at the present time, totally disabled and has been since the date of the accident, as a direct result of the said accident.' While the law requires the relation of cause and effect to be established beyond mere possibility, it does not require its existence to be demonstrated with mathematical precision. Probability is sufficient. It cannot be said there is no proof that the causal connection of Balch's injury with the malady from which he now suffers is a probable one."

To the above-quoted matter from the satisfactory opinion of the court below, we need add only that the evidence in this case falls fairly within the requirements stated in Fink v. Sheldon A. & S. Co., 270 Pa. 476, 479.

The judgment of the court below and the award of the Workmen's Compensation Board are affirmed.