## Samoskie v. Philadelphia & Reading C. & I. Co., Appellant.

*Workmen's compensation—Death—Expert testimony—Injury in course of employment.*

Compensation will be allowed for the death of a miner in the course of his employment where the testimony of two physicians is that the strain of pushing a loaded mine car on a particular occasion produced an increase in blood pressure, which in turn resulted in the rupture of an artery, causing death.

Argued February 18, 1924. Appeal, No. 91, Jan. T., 1924, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1921, No. 278, affirming decision of Workmen's Compensation Board, in suit of Cassie Samoskie v. Philadelphia & Reading Coal & Iron Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board.

The opinion of the Supreme Court states the facts.

Decision affirmed in opinion by BERGER, J., KOCH, J., filing a dissenting opinion: 9 Lehigh Co. L. J. 389; 19 Schuylkill L. J. 15. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John F. Whalen,* with him *George Ellis,* for appellant.

*Roger J. Dever,* for appellee, cited: Stahl v. Coal Co., 268 Pa. 452; Farran v. Publishing Co., 276 Pa. 553; Davis v. Davis, 80 Pa. Superior Ct. 343; Clark v. Coal Co., 264 Pa. 529; Lane v. Horn & Hardart, 261 Pa. 329.

OPINION BY MR. JUSTICE FRAZER, April 14, 1924:

Plaintiff's husband was employed as a loader of cars inside defendant's coal mine. On March 23, 1920, he and two fellow workmen were directed to move forward for a short distance a partially loaded mine car that interfered with laborers engaged in removing debris from the tracks. Within a short time after pushing the car, variously estimated at from four to fifteen minutes, plaintiff's husband complained of a pain in his head and immediately fell forward in a semi-conscious condition. He died the same day, the cause of death being diagnosed as apoplexy or cerebral hemorrhage.

Plaintiff's claim for compensation is based on the theory that death was due to rupture of a blood vessel caused by extra exertion used in moving the car. The compensation board upheld a finding of the referee in favor of claimant; on appeal, however, the common pleas sustained exceptions and remitted the record for further hearing. Additional testimony of two physicians was heard at the rehearing and on the strength of the supplemental evidence the board again awarded in favor of claimant which finding was sustained by the court below.

Physicians who testified at the original hearing stated deceased was not in good physical condition, being afflicted with arterio-sclerosis and that, owing to the lapse of time between the moving of the car and the indication of physical distress, they were unable to say positively that the exertion was responsible for decedent's death. The conclusion reached was based on the fact that, in their opinion, a rupture of a blood vessel would manifest itself in a much shorter period of time and perhaps have resulted in an immediate collapse. The furthest extent to which

these physicians were willing to go was to say that the exertion in pushing the car could, or might possibly, have caused the fracture of an artery in decedent's head. This testimony was held insufficient under the rule laid down in Kelly v. Western Coal Co., 272 Pa. 39, and Balch v. Budd Mfg. Co., 277 Pa. 548, to show a causal connection between the effort used in pushing the car and the cerebral hemorrhage.  The two additional physicians called to testify at the rehearing placed an entirely different light on the situation.  These witnesses unhesitatingly said the undisputed facts in the record directly indicated that death resulted from the strain incident to assisting in moving the car and that the interval of from four to fifteen minutes, or even a longer time, before an outward manifestation of a rupture of a blood vessel appeared was not unusual but merely signified the original break to be of slight character.  This testimony sufficiently supported the findings of the referee and of the court below that the exertion required in moving the car produced an increase in blood pressure which, in turn, resulted in the rupture of an artery causing death and, inasmuch as the injury occurred in the course of decedent's employment, claimant was entitled to compensation.

It is argued that from the evidence it appears but little force was required to move the car, in fact, no greater effort than deceased used ordinarily in his regular employment and that because of his physical condition he was likely to be subject to a hemorrhage at any time, whether at work or not.  This contention is based mainly on the testimony of two witnesses who assisted decedent to the effect that they "did not push very hard."  The car weighed 1,400 pounds and was partly loaded.  Naturally the greatest effort was required in starting it.  There was, of course, no testimony to show the effort used by decedent.  If the two witnesses referred to, however, exercised but slight energy it is a fair inference that deceased found it necessary to use greater force and, ac-

cordingly, exerted himself to a greater degree than his share of the work called for. The facts, coupled with the testimony of the physicians, warranted the conclusion that the strain of pushing the car caused the rupture in decedent's artery which resulted in his death.

The judgment is affirmed.