# Calderwood, Appellant, *v.* Consolidated Lumber & Supply Co.

*Workmen's Compensation Law—Findings of Fact by Referee— Findings of Fact by Compensation Board.*

The Workmen's Compensation Board on appeal may examine the testimony taken before the Referee and substitute its own findings of fact without holding a hearing de novo, or hearing other evidence, and may make such disallowance or award of compensation as the facts found by it may require. The provisions of Section 423 of the Act of June 26, 1919, P. L. 642, do not limit the exercise of the power of the Board to substitute its own findings of fact

for the findings of the Referee, to cases in which it has heard other evidence or has held a hearing de novo.

The Workmen's Compensation Board does not exceed its authority when it substitutes its own findings of fact based on evidence taken before the Referee.

In a claim under the Workmen's Compensation Law, the evidence established that the deceased had suffered a dilatation of the heart which rendered him unconscious. He was removed to his house and treated by a physician, who recommended a rest in bed. When his condition improved, he went out and subsequently suffered another attack which proved fatal.

*Held:* That there was sufficient evidence to connect the second attack with the strain suffered by the first attack, and that the injury was compensable.

Submitted April 11, 1927.  Appeal No. 62, April T., 1927, by defendant from judgment of C. P. Indiana County, December T., 1925, No. 417, in the case of Alma Calderwood, Claimant, v. Consolidated Lumber & Supply Company.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Appeal from Workmen's Compensation Board, before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

The Court reversed the decision of the Workmen's Compensation Board.  Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*Peelor & Feit,* for appellant.

*Henry I. Wilson,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1927:

Plaintiff, widow of Robert S. Calderwood, claimed compensation for the death of her husband; the referee's award in her favor was affirmed by the com-

pensation board; the court below reversed the board and set aside the award; plaintiff brought this appeal.

Two points of law are raised: 1, Did the compensation board exceed its authority when it substituted for a finding of fact of the referee its own finding of fact based on the evidence taken before the referee, without hearing other evidence or granting a hearing de novo?; 2, Was there sufficient competent evidence to sustain the finding of fact by the board that claimant's husband died as the result of an accidental injury sustained by him during the course of his employment by defendant?

(1)   The power of the compensation board to substitute its own findings of fact for those of the referee was very recently considered by the present Chief Justice in Vonot v. Hudson Coal Co., 285 Pa. 385, in which it was pointed out that by the terms of section 423 of the Act of June 26, 1919, P. L. 642, the compensation board is given the right, in an appeal, on either a point of law or of fact, to do just what it did in the present case.   While it is true that in that case the board substituted its own findings of fact for those of the referee after considering not only the evidence taken before the referee, but also other evidence heard by it, it seems quite clear that that part of section 423 of the statute which reads as follows, ''In any such appeal the board *may* disregard the findings of fact of the referee, and *may* examine the testimony taken before such referee, and if it deem proper *may* hear other evidence, and *may* substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may, in the judgment of the board, require, and *may* make such disallowance or award of compensation or other order as the facts so found by it may require,'' does not limit the exercise of power of the board to substitute its own findings of fact for the

findings of the referee to cases in which it has heard other evidence or has held a hearing de novo. In other words, the Legislature did not make the hearing of other evidence by the board a condition precedent to its making new findings of fact. It is only in cases in which the board has in its discretion heard other evidence that the statute contemplates that it shall base its substitute findings of fact upon evidence taken before both the referee and the board. It follows that the board did not exceed its authority when it substituted for a finding of fact of the referee its own finding of fact based on the evidence taken before the referee. Incidentally, we may say that after reviewing the record, we agree with appellant that the finding by the referee "that the claimant has not established by a preponderance of probability, that her deceased husband......died..,.....as the result of accidental injuries. .... ... .happening while in the course of his employment for the defendant and caused an acute dilatation of the heart," was probably a clerical error, the real intention being to state that the claimant *has* established, by a preponderance of probability, that her husband died as the result of accidental injuries, etc.

(2)   The remaining question is whether the record contains legal evidence to sustain the findings of the board to the effect that claimant's husband came to his death as the result of an accident happening to him during the course of his employment. The deceased, a man of sixty years, was working for defendant in replacing timbers in the rebuilding or repairing of a tipple. On November 10, 1924, he and another employee were turning a windlass by a crank, pulling a heavy oak timber. There were two handles on this windlass. Just after the deceased and his helpmate were relieved by two other workmen the deceased suffered what the physicians called by claimant termed an "acute dilatation of the heart," which caused him to

fall to the ground and become unconscious, and, according to the opinion of these physicians, resulted in his death eleven days later. Immediately after the deceased was stricken he was removed to his home and advised by his physician to remain in bed because his condition was serious. In a few days his condition improved and he was able to walk out on the street. On the evening of the day of his death he went to the cellar for the purpose of attending to the furnace and while in the cellar suffered a second heart attack, was helped to bed and died soon after medical aid was summoned. An autopsy was held and the physicians above mentioned, who participated in the operation, expressed it as their opinion that the condition of the heart of the deceased as disclosed by the autopsy, supported the original diagnosis of acute dilatation of the heart, and one of them unhesitatingly said that the exertion of the deceased in turning the windlass "was too hard for his heart and produced the acute dilatation," which was the cause of death. Physicians called by defendant, testified that the deceased was suffering from a chronic condition of arterio sclerosis; that he had an enlarged heart with thickened walls, and not a dilated heart which usually produces a thinner wall; and that he died of angina pectoris.

The Court below found that there is no competent evidence in the record to warrant the finding of fact by the board that claimant's husband died as a culmination of an over-exertion while at work for defendant, sustaining an injury in the nature of violence to the physical structure of the body while in the course of his employment with the defendant; that the evidence does not disclose any untoward occurrence aside from the usual course of events; and that there was no mishap of any character. He relied upon Gausman v. R. T. Pearson Co., 284 Pa. 348, as ruling this case

against plaintiff. With this conclusion we cannot agree. In the Gausman case claimant's contention was that while at work he suffered an accident in the nature of a heat exhaustion or prostration which super-induced an apoplectic stroke and permanent disability. But the case failed because the finding of heat exhaustion was not sustained by the proof. So it was held that before one ailment can be attributed to another the existence of the latter must be shown. The present case is quite different. The expert testimony relied on to show the connection between the exertion of the deceased in cranking the windlass and the acute dilatation of the heart, which caused death, meets the necessary standard of proof as stated in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479, Balch v. Budd Mfg. Co., 277 Pa. 548, McCrosson v. Phila. Rapid Transit Co., 283 Pa. 492, and kindred cases. Assuming the accuracy of the expert evidence, the finding of the board was warranted. For it has been held that death resulting from a strain upon the heart caused by over-lifting (Tracey v. Phila. & Read. C. & I. Co., 270 Pa. 65), or from climbing eighty feet up a stairway (Watkins v. Pitts. Coal Co., 278 Pa. 463), or from the rupture of a blood vessel by an extra effort in vomiting (Clark v. Lehigh Valley C. Co., 264 Pa. 529), or from heat prostration (Lane v. Horn & Hardart B. Co., 261 Pa. 329), or from dilatation of the heart caused by an anaesthetic (Hornetz v. Phila. & Read. C. & I. Co., 277 Pa. 40), or from pneumonia caused by lifting a piano (Wolford v. Geisel M. &. S. Co., 262 Pa. 454), or from a disease of the hip joint caused by a rupture in the groin (Balch v. Budd Mfg. Co., supra), or from the rupture of an artery (Samoskie v. Phila. & Read. C. & I. Co., 280 Pa. 203), is an accident within the meaning of the workmen's compensation statutes. While the sudden death of an employee while doing work which calls for no unusual

physical strain raises no presumption of an accident (Lesko v. Lehigh Valley Coal Co., 270 Pa. 15), this rule has no application where the work causes a fatal strain to a vital organ: Watkins v. Pitts. Coal Co., supra; Samoskie v. Phila. & Read. C. & I. Co., supra. If the demise is brought about by an injury due to some mishap or accident happening during the course of the employment, the fact that deceased had a chronic ailment which rendered him more susceptible to such injury than an ordinary person would be, will not defeat the right to compensation: Clark v. Lehigh Valley C. Co., supra. It follows that it cannot be said that there is not sufficient competent proof that the strain of turning the windlass caused the dilatation of the decedent's heart which resulted in his death.

The judgment of the Common Pleas is reversed; the award of the compensation board is reinstated and affirmed.