## Zborovian v. Suffolk Anthracite Collieries Co., Appellant.

*Workmen's compensation — Accident in course of employment — Death from over-exertion.*

In a claim under the Workmen's Compensation Law an award is properly made where the evidence showed that deceased became unconscious while engaged in his work of moving heavy mine props.

Where it was conceded that death resulted from cerebral hemorrhage, which physicians testified was due to over-exertion, such evidence is sufficient to sustain a finding that it was due to an accident in the course of employment.

Death caused by over-exertion in the course of employment is an accident compensable under the compensation statutes.

Argued April 12, 1928. Appeal No. 15, February T., 1928, by defendant from judgment of C. P., Luzerne County, No. 2221, October T., 1926, in the case of Teresa Zborovian v. Suffolk Anthracite Collieries Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award. Defendant appealed.

*Error assigned* was the decree of the court.

*Richard B. Sheridan,* and with him *Robert J. Doran* and *Reynolds & Reynolds,* for the appellant.—Death was not due to an accident in the course of employment: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; McCauley v. Imp. W. Co., 261 Pa. 312; Gausman v. R. T. Pearson Co., 284 Pa. 348; Sullivan v. Balt. & Ohio R. R. Co., 272 Pa. 429.

*W. L. Pace,* for appellee.—Death resulted from a cause compensable under the compensation statutes: Jones v. Phila. & Reading C. & I. Co., 285 Pa. 317; Tamaskie v. Philadelphia & Reading C. & I. Co., 280 Pa. 203; Calderwood v. Consolidated Lumber & Supply Company, 91 Pa. Superior Ct. 189; Lesko v. Lehigh Valley Coal Co., 270 Pa. 15; Felker v. American Chain Co., 84 Pa. Superior Ct. 437; Ford v. A. E. Dick Co., 288 Pa. 140; Tracey v. Phila. & Reading C. & I. Co., 270 Pa. 65.

OPINION BY GAWTHROP, J., April 26, 1928:

The referee disallowed plaintiff compensation on a finding that the death of her husband, Joseph Zborovian, was due to natural causes and was not the result of an injury by accident in the course of his employment. On appeal to the Compensation Board the findings of fact, conclusions of law and order of the referee were set aside and a hearing de novo granted. Additional testimony was taken before the Compensation Board and, after hearing, the Board found that Zborovian met his death by an accident occurring in the course of his employment and awarded compensation. This was affirmed by the court below; whereupon defendant brought this appeal.

The only question raised is whether there is competent evidence in the record to sustain the finding of the Board. Zborovian, an apparently well man fifty-nine years of age, was employed as a laborer at defendant's colliery. On the day of his death he and three other employees were engaged in unloading

from a freight car mine props which were about twenty-five feet long and ten to twelve inches in diameter at the butt and six inches in diameter at the other end. and weighed from four to five hundred pounds. He began the day's work at seven o'clock and continued, with the exception of the time allowed him for lunch, until about three thirty P. M. His duties consisted of prying the props apart with a bar and attaching to them the hook on the end of a steel rope connected with a steam-operated crane and holding and lifting or holding down the ends of and guiding the props as they were raised out of the car by the crane. "When he put on his last prop" it was not balanced properly. When he had re-hooked it and was holding it down at one end and shoving it, the heavy end hit the ground fifteen feet from the car and the other end struck the car at the end in which he was working. At that moment he fell unconscious between two of the props on the floor of the car and died in about ten minutes.

It is conceded that death resulted from a cerebral hemorrhage. In effect, the opinion of the physicians called by claimant, was that the hemorrhage was caused by over-exertion incident to handling the prop as above described or by falling while handling the prop. To some extent this was corroborated by the physician called by the Board. This evidence meets the requirements of the latest decisions. See Skroki v. Crucible Steel Company of America,    Pa.    (No. 79, March T., 1928, filed April 9, 1928). Death caused by over-exertion in the course of employment is an accident, compensable under the compensation statutes: Samoskie v. P. & R. C. & I. Co., 280 Pa. 203; Calderwood v. Consolidated L. & S. Co., 91 Pa. Superior Ct. 189. The award is sustained by the expert opinion evidence and by the circumstances. Therefore, the appeal must fail.

Judgment affirmed.