Honis *v.* Coxe Bros. & Co., Inc., Appellants.

Argued December 10, 1928.

Before
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ.

*Daniel W. Kaercher,* for appellant.—Testimony of
a medical expert that the exertion of the deceased was
not the actual cause of death but might have been a
contributing cause was not sufficient to support an
award of compensation: Fink v. Sheldon Axle &
Spring Co., 270 Pa. 476; McCrosson v. P. R. T. Co.,
283 Pa. 492. The sudden death of deceased occurred
at his usual work and without evidence of unusual
strain or circumstances injurious to him; no presump-
tion of accident was raised: Gausman v. R. T. Pear-
son Co., 284 Pa. 348; Murphy v. P. & R. C. & I. Co.,
14 Dep. Rep. 201; 24 Schuylkill Legal Record 84; Wat-
kins v. Pittsburgh Coal Co., 278 Pa. 463.

*Roger J. Dever,* for appellee.—There was competent
evidence to support an award of compensation: Far-
ran v. Curtis Publishing Co., 276 Pa. 553; Johnson
v. Payne Yost Construction Co., 292 Pa. 509.

OPINION BY TREXLER, J., January 25, 1929:
The husband of claimant was engaged in shovel-
ing mud into mine cars. He met with a piece of rock,
17″ long, 14″ wide and about 8″ thick. He removed
the mud from the rock and took a pick to pull the
rock out. It was hard work; he struck the rock with

a pick in an endeavor to split it and in response to a question asked by a fellow workman as to whether he wanted a hammer, answered yes and as the hammer was brought, he dropped over dead.

The referee, the compensation board and the court below all decided that the widow of the deceased was entitled to compensation. The employer claims that there is not sufficient evidence to sustain the claim. There was but one doctor called as a witness. He issued a death certificate and assigned the cause "apoplexy." The question was put to him, "assuming he the decedent had a pick and was driving it with a pick to move it, could that be a contributory cause of this apoplexy" "I would say it would be a contributory cause to the hemorrhage, increase the blood pressure, over-exertion, possibly if it was a heavy lift." Q. "In this law suit, do you know of any other pressure, or any other cause resulting in the break of this artery than the breaking or moving of that rock?" A. "No." Further on he said that if it was a heavy lift, it is possible that it would be a predisposing cause resulting in the man's death. He stated that the exertion could be a contributing cause, but finally, when the question was put, "taking into consideration what was testified here this morning, if these facts are correct, whether or not in your opinion that was a contributory cause of his death?" He answered, "Yes, sir."

It is quite evident that an unusual exertion such as attempting to loosen a rock of this size might, as has been already suggested, cause a hemorrhage of some blood vessel, increase the blood pressure and produce a stroke. The referee found as a fact that the hard pull and the extra effort put forth were the direct causes of his death. This finding is supported by evidence. While the doctor's testimony that the accident "was a contributory cause" of death is in itself perhaps not a statement that the disease causing

death did in fact result from the injury (Anderson v. Baxter, 285 Pa. 443, 447), the finding of fact is not based on that statement alone but on all the evidence, part of which is the testimony of the fellow workman referred to who saw and described the exertion of decedent in attempting to dislodge the rock; see, too, Calderwood v. Com. Lumber Co., 91 Pa. Superior Ct. 189, 194; Gibb v. New Field, 287 Pa. 300; Rushonosky v. Lehigh Valley Coal Co., 293 Pa. 150.

There is enough in the case to support the inference that the effort to dislodge this rock was not the usual kind of work which the decedent was engaged in and the physical strain involved in the work was not usual and therefore supported the conclusion of the workmen's compensation board that the "effort to dislodge the rock was an unexpected and untoward happening and the physical strain incident to that effort was an accidental injury."

The case is close, but we believe that the conclusions were sufficiently supported by the testimony in the case.

The judgment is affirmed.