Murphy *v.* P. & R. C. & I. Co., Appellant.

Argued December 9, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George Ellis,* and with him *B. D. Troutman* and *Jno. F. Whalen,* for appellant, cited: Gausman v. Pearson Co., 284 Pa. 348; Mauchline v. State Insur-

ance Fund, 279 Pa. 524; Lesko v. Lehigh Valley Coal Co., 270 Pa. 15.

*Rodger J. Denver,* for appellee, cited: Watkins v. Pittsburgh Coal Co., 278 Pa. 463; Calderwood v. Consolidated Lumber & Supply Co., 91 Pa. Superior Ct. 189.

OPINION BY LINN, J., January 29, 1930:

The question of law is whether there is evidence to support the following finding of fact made by the referee: "4. The claimant was a man fifty years of age. He was afflicted with hardened arteries. The unusual work that the claimant was doing at the moment he was stricken, necessitated him to exert himself to an uncommon degree. This caused his blood pressure to rise. A diseased artery in the brain could not stand the strain and it broke, causing paralysis of his left side; this was an untoward event, an unexpected happening; an accident."

We think there is evidence to support that conclusion; this is not a case of apoplexy suffered while at claimant's usual work. He was a laborer in the mines, but had been at the particular work only from one-half to one and one-half hours when he sustained the injury. He was engaged in shoveling "rock, coal and dirt," using a No. 4 scoop shovel; it was his duty to throw or shovel the contents of his scoop a distance of 10 feet away and over a brattice or board partition 4½ or 5 feet high. He testified "While I was shoveling coal suddenly I got a dizzy spell and I got a terrible pain in my head; a terrible head-ache and I fell over on some old timber there." A fire-boss testified as follows: "Q. When did Murphy have work cleaning a fall in the airway prior to this occasion where he had to shovel stuff 10 feet and then up over a brattice? A. Never worked at that before. Q. That was the only

time he ever did that kind of work where he had to clean a fall of coal over a brattice? A. Yes.'' Another witness who worked with claimant testified ''This was the first day at this job;'' ''when he fell he had on a load.'' Dr. Patrick testified that he suffered ''a rupture of the blood vessels in the brain;'' that the exertion incident to shoveling heavy loads the distance and height stated caused the rupture. Dr. Breslin testified that the exertion incident to the shoveling materially contributed to the rupture of the artery.

It is obvious that shoveling a large scoop of coal 10 feet away over the brattice would require extraordinary exertion. Claimant felt the pain in his head, as he described it, while exerting himself in his work. We must agree that there is evidence to support the finding of the referee. Recently there have been many cases quite like this which require that the judgment be affirmed; a number of them are collected in Calderwood v. Lumber Co., 91 Pa. Superior Ct. 189, from which we quote: ''Assuming the accuracy of the expert evidence, the finding of the board was warranted. For it has been held that death resulting from a strain upon the heart caused by over-lifting (Tracey v. Phila. & Read. C. & I. Co., 270 Pa. 65), or from climbing eighty feet up a stairway (Watkins v. Pitts. Coal Co., 278 Pa. 463), or from the rupture of a blood vessel by an extra effort in vomiting (Clark v. Lehigh Valley C. Co., 264 Pa. 529), or from heat prostration (Lane v. Horn & Hardart B. Co., 261 Pa. 329), or from dilatation of the heart caused by an anaesthetic (Hornetz v. Phila. & Read. C. & I. Co., 277 Pa. 40), or from pneumonia caused by lifting a piano (Wolford v. Geisel M. & S. Co., 262 Pa. 454), or from a disease of the hip joint caused by a rupture in the groin (Balch v. Budd Mfg. Co., 277 Pa. 548), or from the rupture of an artery (Samoskie v. Phila. & Read. C. & I. Co., 280 Pa. 203), is an accident within the meaning of the

Workmen's Compensation statutes. While the sudden death of an employee while doing work which calls for no unusual physical strain raises no presumption of an accident (Lesko v. Lehigh Valley Coal Co., 270 Pa. 15), this rule has no application where the work causes a fatal strain to a vital organ: Watkins v. Pitts. Coal Co., supra; Samoskie v. Phila. & Read. C. & I. Co., supra. If the demise is brought about by an injury due to some mishap or accident happening during the course of the employment, the fact that deceased had a chronic ailment which rendered him more susceptible to such injury than an ordinary person would be, will not defeat the right to compensation: Clark v. Lehigh Valley C. Co., supra. It follows that it cannot be said that there is not sufficient competent proof that the strain of turning the windlass caused the dilatation of the decedent's heart which resulted in his death.

To those cases may be added the following: In Durga v. Williams, 89 Pa. Superior Ct. 158, decedent pushed up a heavy weight and within three minutes collapsed; in Zborovian v. Collieries Co., 93 Pa. Superior Ct. 320, the overexertion was in handling mine props; in Honis v. Coxe Bros., 95 Pa. Superior Ct. 209, in attempting to loosen a rock; in Utzman v. Rubber Co., 96 Pa. Superior Ct. 463, and in Skroki v. Steel Co., 292 Pa. 550, and in Hamilton v. Railroad Co., 298 Pa. 22, the overexertion was in lifting a heavy weight.

The judgment is affirmed.