Hughes *v.* Prizer-Painter Stove Works et al., Appellants.

54

Argued March 16, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles H. Weidner,* and with him *John B. Stevens* and *Harry W. Lee* of *Stevens and Lee,* for appellants.

*Roger J. Dever,* and with him *David Sharman, Jr.,* for appellee.

Opinion by Baldrige, J., April 17, 1933:

On July 7, 1930, the plaintiff's husband, David I. Hughes, when 42 years of age, met with an accident while in the employ of the Prizer-Painter Stove Works, which resulted in his death. Compensation was awarded.

The decedent was employed as a watchman, but on that particular day he was assigned to assist in cleaning scale from a steam boiler, 16 feet in length and 3 to 5 feet in diameter, with a man-hole, 11 by 15 inches, at either end. He entered the boiler shortly after 7 o'clock a. m., but, on account of the character of this job, he alternated with another employee in going in and out of the boiler at about half-hour intervals. The workmen lay on top of flues in a space, 18 inches in height at the center and tapered to either side. The worker was required to lie on his back, side or stomach, often in a cramped position, and chip the scale with a hammer and chisel. The decedent made his last entrance into the boiler about 11:15 a. m., and was discovered, dead, lying face downward, about 11:55 a. m.

Dr. Funk, who made the autopsy, testified that the decedent had been suffering from a chronic inflammation of the aortic valves of the heart, which were thickened and somewhat narrowed, but that he had died of a "heart condition superimposed upon by the condition under which he worked ...... The nature of his work was a contributing cause of his death, the work caused a strain of the heart...... He did not have a normal heart but he had a heart which would

have carried him on with the work he was doing before he did this particular work he was engaged in at the time of his death." Dr. S. B. Sturgis, called in behalf of the defendants, expressed the opinion that deceased died, not as a result of dilatation of the heart from over-exertion, but of angina, and that his death might have occurred when not subjected to any strain.

The appellants contend that there was no proof of over-exertion, which would constitute an accident: citing Gausman v. Pearson Co., 284 Pa. 348, 131 A. 247; Diriscavage v. Penna. Coal Co., 96 Pa. Superior Ct. 189; Mooney v. Yeagle et al., 107 Pa. Superior Ct. 409, 164 A. 82. But in each of those cases, the person injured was in the course of his regular employment, and was not subjected to an unusual strain.

True, the work in which the decedent was engaged was described as "strenuous, but not bad;" "not very hard;" and "tiresome." But it is also true that it was of such a character to require the work to be limited to half-hour shifts, and that this was not the work the claimant was accustomed to doing. As the lower court well says: "The inference fairly arises that the work was physically exhausting and productive of strain." While the law requires a relation of cause and effect between the injury and the death to be established beyond a mere possibility, it is not necessary that it be demonstrated with mathematical precision. "Probability is sufficient": Balch v. Mfg. Co., 277 Pa. 548, 551, 122 A. 1.

In Calderwood v. Consol. Lumber & Supply Co., 91 Pa. Superior Ct. 189, where one of the questions involved was whether the legal evidence was sufficient to sustain the award of the board, the deceased, then 60 years of age, and another employee were turning a windlass by a crank, pulling a heavy oak timber. Just after the deceased had been .relieved, he suffered acute dilatation of the heart and died eleven days

later. This court, speaking through Judge GAWTHROP, found that the expert testimony relied upon, to show the connection between the over-exertion in cranking the windlass and the death, met the necessary standard of proof. See also Cronin v. American Oil Co., 298 Pa. 336; 148 A. 476; Skroki v. Crucible Steel Co., 292 Pa. 550, 141 A. 480.

We are of the opinion that the evidence was sufficient for the board to conclude that the death did not result from natural causes, but was due to an unusual strain or over-exertion to which the decedent was subjected in the work he was doing, and, therefore, compensable.

Judgment affirmed.