## Balaban *v.* Severe, Appellant.

Argued March 5, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*James W. Scanlon,* for appellant.

*Raymond Bialkowski,* with him *Bialkowski, Bialkowski & Bialkowski,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

In this workmen's compensation case the claimant, on May 5, 1941, filed a claim petition seeking compensation for herself and minor daughter for the death of her husband on December 5, 1940, while in the course of his employment. The decedent, David Balaban, worked as a "bench man". His only duty was to mold dough into rolls and loaves of bread.

On the morning of December 5, 1940, the decedent, having reported for work, proceeded to lift a 98-pound bag of flour to the mixing vat. While he was making the five-foot lift necessary for emptying the sack of flour into the mixing vat, he suddenly dropped the bag, stooped over and almost fell, but was caught by Slack, a fellow worker. The decedent remarked that he had a pain under his heart. He was taken to bed, and died that night of coronary thrombosis.

The referee after a hearing of the case awarded com-

pensation; the Workmen's Compensation Board sustained the referee's award. From that decision the defendant appealed to the Court of Common Pleas of Lackawanna County, which dismissed the appeal and entered judgment in favor of the claimant.

We are of the opinion, after an examination of the record, that the decedent met his death due to an accident suffered while in the course of his employment.

It is not every deviation from the normal or ordinary routine of labor that fulfills the requirement for establishing what the law would regard as an accident. *Good v. Pennsylvania Department of Property and Supplies,* 346 Pa. 151, 30 A. 2d 434; *Ferraro v. Pittsburgh Terminal Coal Corporation,* 142 Pa. Superior Ct. 22, 15 A. 2d 559.

To constitute a compensable "accident" it must be shown that the work in which the employee was engaged at the time of the occurrence was of a different nature and required a materially greater amount of exertion, risk or exposure than that to which he was ordinarily subjected, so as to justify a conclusion that increased severity of work was the cause of, and not merely coincidental with, the previously existing infirmity. *Rathmell v. Borough of Wesleyville,* 351 Pa. 14; 40 A. 2d 28.

This Court, speaking through CUNNINGHAM, J., in *Royko v. Logan Coal Company,* 146 Pa. Superior Ct. 449, 461, 22 A. 2d 434, has made three general classifications in a review of decided cases in which a preexisting weakness or an actually diseased condition of an organ or organs, part or parts becomes an important factor in determining whether compensation should be awarded or not. In this review is set out those cases in which an employee's heart gives out, or some other organ is injuriously affected by "over-exertion" or "unusual" exertion. In such cases awards have been sustained. An example is furnished by *Murphy v. Philadelphia & Reading Coal & Iron Company,* 98 Pa. Superior Ct. 108,

where it appeared that the employee, who had arteriosclerosis, was engaged in shoveling rock, coal and dirt and that he threw the contents of the shovel a distance of ten feet and over a partition which was four or five feet high. He collapsed, the injury being due to a ruptured blood vessel induced by the strenuous work. It further appeared that he had never done such work before. In allowing compensation it was pointed out that the employee was not performing his usual work when he collapsed and that extraordinary exertion was necessary to do the work. Such a combination of circumstances was held to constitute an accident within the meaning of the statute. Similar cases are: *Durga v. Williams,* 89 Pa. Superior Ct. 156; *Honis v. Coxe Brothers,* 95 Pa. Superior Ct. 209; *McCoy v. Spriggs,* 102 Superior Ct. 500, 157 A. 523; *Hughes v. Prizer-Painter Stove Works,* 109 Pa. Superior Ct. 53, 165 A. 527; *Barr v. Atlantic Elevator Company,* 124 Pa. Superior Ct. 57, 187 A. 815; *Samoskie v. Philadelphia & Reading Coal & Iron Company,* 280 Pa. 203, 124 A. 471; *Calderwood v. Consolidated Lumber Company,* 91 Pa. Superior Ct. 189; *Foster v. State College Borough,* 124 Pa. Superior Ct. 492, 189 A. 786; *Viehdorfer v. Cherry Run Coal Company,* 125 Pa. Superior Ct. 201, 189 A. 782.

The criterion for "unusualness" is not whether the act causing the injury is unusual generally speaking, but whether it is unusual and untoward in the course of the employment in which the employee was engaged. *Weissman v. Philadelphia Electric Company,* 111 Pa. Superior Ct. 353, 170 A. 318.

We are of the opinion that the instant case falls within this class of "over-exertion" cases in which compensation is allowed. Here it is in evidence that the deceased reported for work in apparently good health. He had been suffering from a hypertensive heart. His job, apparently, from the evidence, not contradicted, was to mold dough into buns and loaves of bread. His

duties did not require him to lift 98-pound sacks of flour five feet in the air by himself. When he did so, the effort put forth placed a strain on his heart which resulted in his death. This combination of circumstances: the weak heart, the unusual and unaccustomed task, requiring unusual effort with resulting acute heart strain would constitute an accident within the meaning of the statute.

Although there was a conflict of medical testimony as to the cause of the coronary thrombosis which caused decedent's death, the Workmen's Compensation Board found as a fact that it was caused by acute heart strain resulting from the unusual effort exerted by the decedent in lifting the 98-pound bag. The Workmen's Compensation Board is the final fact-finding body in compensation cases; the credibility of witnesses is for the board and where there is competent and substantial evidence sufficient to support the findings of fact made by the board, such findings are conclusive. *Yanik v. Pittsburgh Terminal Coal Corporation et al.,* 150 Pa. Superior Ct. 148, 27 A. 2d 564.

In the case at bar the board found for the claimant and it is our opinion that the evidence upon which the board's findings were predicated was competent and substantial and that the law was properly applied by the board and by the court below.

Judgment affirmed.