**Andrew J. NICKLOS**

v.

**FIRESTONE TIRE & RUBBER CO.**

**Civ. A. No. 69–3039.**

United States District Court,
E. D. Pennsylvania.

Aug. 1, 1972.

Joseph Lurie, Philadelphia, Pa., for plaintiff.

Lowell A. Reed, Jr., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

The Pennsylvania Workmen's Compensation Act, 77 P.S. § 431 et seq., provides coverage for injuries and death resulting from accidents occurring in the course of employment for all employees of employers who have agreed to accept the provisions of the Act. Section 303 of the Act (77 P.S. § 481) provides:

> "Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages *for any injury or death occurring in the course of the employment,* or to any method of determination thereof, other than as provided, in article three of this act . . . . " (Emphasis supplied)

Plaintiff, Andrew J. Nicklos, a tire builder, suffered a heart attack at work. He claimed it was caused by lifting an unusually heavy roll of material on to a rack at a height of about five feet without the benefit and assistance of a rest bar. He filed a petition for compensation under the Workmen's Compensation Act. A referee ruled in his favor, but on appeal the Workmen's Compensation Board denied his claim, ruling that plaintiff had not sustained an accident in that he had not proved unusual exertion. In the Board's written opinion accompanying its findings, it indicated further that plaintiff had not estab-

lished a causal connection between the lifting and his heart condition. The ruling of the Workmen's Compensation Board was appealed to the state court[1] and was affirmed.

The instant suit for damages by Nicklos against his employer was filed in this court on the basis of the diversity of citizenship of the parties. The defendant employer, after making certain of the Workmen's Compensation Board and state court pleadings and opinions a part of the record, has moved for summary judgment on the grounds that (1) plaintiff is limited to his remedy under the Workmen's Compensation Act, and (2) plaintiff's claim is barred by the doctrine of collateral estoppel.

1. *Exclusivity of Workmen's Compensation remedy.*

The parties are in agreement that plaintiff and defendant have accepted the terms of the Act. There is likewise no dispute between them that plaintiff is barred from any but the Workmen's Compensation remedy for injuries resulting from *accidents* sustained in the course of his employment. Plaintiff's sole argument is that since his claim under the Workmen's Compensation Act was denied because he had suffered no accident, his injury is not covered under the Act and he is therefore not barred by Section 303 of the Act from pursuing his common law remedy against his employer.

Several recent decisions of the Court of Appeals for this Circuit evidence the firm intention of that court to adhere to the strong policy considerations underlying the Pennsylvania Workmen's Compensation scheme. The Court of Appeals has rejected interpretations of the Act which would tend to restrict its limited liability features and encourage employers to reject the Act. Hartwell v.

Allied Chemical Corp., 457 F.2d 1335 (3d Cir. 1972); O'Neill v. United States, 450 F.2d 1012 (3d Cir. 1971); Schick v. Good Humor Corp., 438 F.2d 336 (3d Cir. 1971).

An argument similar to that advanced by Nicklos was made in Hartwell v. Allied Chemical Corp., *supra*. Hartwell was injured in the course of his employment. He received certain benefits under the Act. He also made claim for certain disfiguring scars on his body, but that claim was disallowed. Hartwell argued that because the Act did not compensate for body scars, the legislature must have intended an exception to the exclusivity clause of the Act for conditions for which the Act does not provide compensation. The Court of Appeals rejected the argument, emphasizing that in barring other claims, the Act contained no limitations on the phrase "any injury or death occurring in the course of employment" and the term "any injury" must be taken to mean what it says.

Nicklos seeks to distinguish *Hartwell*, Schick v. Good Humor Corp., *supra*, and recent Pennsylvania cases such as Evans v. Allentown Portland Cement, 433 Pa. 595, 252 A.2d 646 (1969), and Scott v. C. E. Powell Coal Co., 402 Pa. 73, 166 A.2d 31 (1960), on the ground that in each of those cases the injured employee received *some* benefits under the Act before instituting suit to recover more, whereas in this case plaintiff was denied recovery altogether in the Workmen's Compensation proceedings. In other words, plaintiff seeks to exempt from the effect of Section 303 of the Act all those employees who fail in their attempt to establish a claim under the Act. In this, plaintiff relies on Billo v. Allegheny Steel Company, 328 Pa. 97, 195 A. 110 (1937). *Billo* does not go nearly so far. *Billo* contracted a disease from dust inhalation.[2] The court in *Billo* held

---

1. The ruling was appealed only to the Court of Common Pleas, but the parties have stipulated that, for the purposes of this suit, the ruling of the Common Pleas Court is final.

2. This was before Pennsylvania enacted the Occupational Disease Act. 77 P.S. § 1201 et seq.

that a disease contracted from extended exposure to dust conditions did not result from an "accident" and since only injuries resulting from accidents are covered by the Workmen's Compensation Act, *Billo* was not barred from suing his employer at common law. By contrast, Nicklos' claim was one cognizable under the Act, i. e. an injury (heart attack) resulting from accident (unusual exertion) occurring in the course of employment. See Balaban v. Severe, 157 Pa. Super. 463, 43 A.2d 543 (1945); Manikowski v. Morris Run Coal Mining Co., 163 Pa.Super. 118, 60 A.2d 344 (1948); Barr v. Atlantic Elevator Co., 124 Pa. Super. 57, 187 A. 815 (1936). Nicklos' claim was rejected simply because he was unable to prove the unusual exertion which he claimed was caused by lifting an allegedly unusually heavy load, and because he was unable to prove medically a causal connection between those efforts and his heart condition. The claim was rejected as lacking in merit, as not proved, rather than as one not recognized or covered by the Act, as was the case in *Billo*.

█ Since Nicklos' claim is one cognizable under the Act, even though it was rejected as non-meritorious, he is barred from this suit by the exclusive remedy provision of Section 303 of the Act. Defendant is entitled to summary judgment in its favor on that ground.

### 2. *Collateral Estoppel.*

█ Defendant is also entitled to summary judgment on a second ground. Had plaintiff's claim not been barred by the exclusive remedy provisions of Section 303, it would have been barred by the application of the doctrine of collateral estoppel. The Workmen's Compensation claim and a common law cause of action are not identical, consequently res judicata is not applicable. See Melcher v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co., 389 Pa. 125, 132 A.2d 190 (1957). Where, however, there is an identity of parties, even though the causes of action are not identical, those material matters which have been litigated between the parties are barred from relitigation in subsequent proceedings by the doctrine of collateral estoppel. Restatement, Judgments § 68; Vanderveer v. Erie Malleable Iron Co., 238 F.2d 510 (3d Cir. 1956), cert. denied, 353 U.S. 937, 77 S. Ct. 815, 1 L.Ed.2d 760 (1957); United States v. Webber, et al., 396 F.2d 381 (3d Cir. 1968); Walker v. Ohio River Co., 44 Pa.Dist. & Co.R.2d 200, aff'd per curiam on opinion of court below, 428 Pa. 552, 239 A.2d 206 (1968); and see Larsen v. Larsen, 392 Pa. 609, 141 A.2d 353 (1958) (dictum); Thal v. Krawitz, 365 Pa. 110, 73 A.2d 376 (1950) (dictum). In the Workmen's Compensation proceedings, Nicklos had the burden to show an accident, and a causal connection between the accident and the complained of physical condition. To prove an accident, he attempted to establish that he was required to apply unusual exertion in lifting an unusually heavy load of material on a specific day (April 11, 1968) without the aid and benefit of certain equipment (a rest bar). He also attempted to establish, by medical testimony, that his heart attack resulted from that unusual exertion. The Board found against him on both counts; that he had failed to prove an accident in that he had failed to prove unusual exertion, and that he had failed to prove, with the requisite medical certainty, causal connection.

In the instant suit, plaintiff is advancing the same issue which was before the Workmen's Compensation Board. This is quite evident from the various pleadings filed here. For example, in Paragraph 7 of his Complaint, Nicklos alleged:

"On April 11, 1968, in willful violation of its duties to its employees, the defendant required plaintiff to lift a roll of tire building material that was heavier than defendant's own standards and specifications, causing exertion by plaintiff of extreme effort."

In plaintiff's Pretrial Memorandum (Document No. 9) filed on February 25, 1971, he alleged, concerning events at work on April 11, 1968:

"As a result of plaintiff's lifting this unusually heavy roll from the floor to a height of five feet and then out 18 inches, (plaintiff) sustained a heart attack."

Again in a Pretrial Memorandum (Document No. 14) filed May 17, 1972, plaintiff stated his claim concerning the events which transpired on April 11, 1968:

"Normally the roll contains twenty-five yards of liner. The limit on the amount of the liner on a roll has been agreed to between the Union and representatives of the company. The day in question, the roll of white side wall liner which was delivered to the plaintiff contained approximately 37½ yards of liner and was substantially heavier than a normal roll notwithstanding the agreement. It was the plaintiff's obligation to lift the roll from the floor onto a rack which would hold the roll. Most of the racks on the premises of the defendant had a rest bar approximately four feet off the ground. The particular rack which the plaintiff was using on the day mentioned above did not have this rest rack. It was therefore, necessary for the plaintiff to lift the roll directly from the floor approximately five feet off the ground and then extend the roll 18 inches in order to place them on the rack. While doing this, the plaintiff sustained a heart attack."

The issues thus advanced in plaintiff's pleadings in the instant action were the very issues litigated between plaintiff and defendant in the Workmen's Compensation proceedings. That the issues were material is beyond question and they may not, therefore, be litigated again between the same parties. Defendant is entitled to summary judgment in its favor on this separate ground, as well.