**Minor v. Cyclops Corporation**

*Charles S. Morrow,* for plaintiff.
*Roger Curran,* for defendant.

STAISEY, *J.* April 4, 1984—The instant matter comes before the court in the nature of a motion for summary judgment in order to resolve certain outstanding questions of law which must be disposed of prior to the trial of this action. For reasons hereinafter set forth, the court is of the opinion that there exists no genuine issue as to any material fact and that defendants, Cyclops Corporation (hereinafter Cyclops) and the Pension Board of the Pension Plan for Salaried Employees of Cyclops Corporation (hereinafter Pension Board) are entitled to judgment as a matter of law.

A brief review of the pertinent procedural history essential to the court's resolution of the instant controversy discloses that plaintiff, Margaret Minor, has filed a complaint against defendants containing three counts, two in assumpsit for alleged failure to pay certain benefits which she claims to be due her by virtue of her employment with Cyclops and subsequent work related disability, and one in tort for

alleged wrongful discharge by Cyclops based upon a public policy exception to the general employment at will situation. Defendants have filed an appropriate answer denying that plaintiff incurred any job related disability and claiming poor job performance as the reason for plaintiff's termination. Defendants have further asserted by way of new matter various defenses including, inter alia, collateral estoppel and the applicable statute of limitations as a bar to plaintiff's complaint.

Following the selection of a jury, the present case was assigned to this member of the court to preside over the trial thereof. Following extensive discussion in the court's chambers, prior to the actual commencement of the trial, the court entered an order withdrawing a juror and continuing the case generally until such time as the unique legal issues of this action could be sufficiently briefed and thereafter resolved in the nature of a motion for summary judgment.

Reviewing the instant record in the light most favorable to plaintiff, as the court is required to for purposes of ruling on a motion for summary judgment, Nash v. Chemetron Corporation, 246 Pa. Super. 595, 371 A.2d 992 (1977), the well pleaded allegations of fact as set forth in plaintiff's amended complaint disclosed that on or about November 5, 1964, plaintiff commenced employment as a telephone operator pursuant to an oral contract of employment of an unspecified duration with Cyclops. Plaintiff claims that at the time of her initial employment she was advised by her employer that in addition to wages for services she would perform, she would receive certain benefits and rights in accordance with the "Program for Insurance Benefits for Salaried Employees" and the "Pension Plan for Salaried Employees" provided by Cyclops. According to

the averments of her amended complaint, plaintiff continued to be employed in such capacity until August 12, 1977, when she informed Cyclops that she was physically disabled and unable to work by reason of impairments of her back and right arm arising out of her employment. On August 29, 1977, plaintiff was advised by Cyclops that her employment had been terminated as of August 12, 1977.

Addressing first plaintiff's allegations set forth in Count Three of her amended complaint, that she was wrongfully terminated from her employment with Cyclops in August of 1977, the court is of the opinion that such claim is barred by the applicable statute of limitations. In this regard plaintiff alleges that after consulting with her attorney on August 10, 1977, about filing a workmen's compensation claim, she telephoned her employer on August 12, 1977, to advise them of her inability to return to work due to her alleged job related disability. Notwithstanding the fact that she did not actually file a workmen's compensation claim until January 25, 1978, some five and a half months following her termination, plaintiff claims that she was dismissed by Cyclops "by reason of her application for Workers' Compensation benefits." (Plaintiff's amended complaint paragraph 19). Accordingly, plaintiff argues that her dismissal falls within a narrow exception to the general rule that in the absence of a specific statutory or contractual restriction, an at-will employee may be terminated at any time with or without cause, which has been judicially recognized in this Commonwealth where the discharge violates a clear mandate of public policy and thus is retaliatory in nature. Geary v. United States Steel Corporation, 456 Pa. 171, 319 A.2d 174 (1974); Yarndl v. Ingersol-Rand Company, et al., 281 Pa. Super. 560, 422 A.2d 611 (1981).

Assuming plaintiff's ability to prove at trial that her discharge was in retaliation for her contemplating the filing of a workmen's compensation claim, such conduct by Cyclops would arguably be sufficient to constitute a cause of action for tortious discharge under Pennsylvania law. Unfortunately for plaintiff, she will never have the opportunity to litigate the merits of such claim inasmuch as her original complaint was not filed until August 10, 1981, almost four years following the date of her discharge. Since plaintiff's cause of action rests on a tort theory of wrongful discharge based upon an alleged public policy exception, the court is of the considered opinion that the matter is governed by the two-year statute of limitations under 42 Pa. C.S. §5524. Consequently, plaintiff's action in trespass for wrongful termination based upon the public policy exception is barred by the two-year statute of limitations. Count Three of the complaint shall accordingly be dismissed.

Directing our attention next to the remaining assumpsit counts of plaintiff's amended complaint, plaintiff contends pursuant to Count One that by virtue of her employment she became entitled to "income protection" benefits in accordance with section 5 of the "Program for Insurance Benefits for Salaried Employees" of Cyclops. Section 5 provides in pertinent part as follows:

"5.0 Your income protection benefits provide for a continuation of your income *in the event you are injured or sick and cannot work.*

• • •

(b) If you have two years or more service:

(I) 100% of your base salary is continued for the remainder of the month in which the disability occurred plus three additional months — then

(II) 70% of your base salary, benefits not to exceed $1,800.00 per month, for an additional nine calendar months — then

(III) 60% of your base salary benefits not to exceed $1,500.00 per month, paid until you are no longer eligible under 5.1 below or the month prior to attaining age 65, whichever is earlier." (Emphasis added).

The plan further provides for the payment of such benefits for a period of 24 months as a result of the inability to perform the duties of one's regular occupation. After that the benefits are payable only if the employee is unable to perform any task for which the employee is reasonably well qualified. Any benefits payable through workmen's compensation are deducted from the amount of benefits otherwise payable under the Income Protection Plan.

Plaintiff contends that she is, therefor, entitled to be paid benefits in accordance with section 5 of the plan for a period of 24 months as a result of her alleged job related disability which she claims precluded her from engaging in her customary occupation. Notwithstanding the above, it is obvious that in order to qualify for income protection benefits pursuant to section 5, an employee must first satisfy the condition precedent that he or she is "injured or sick and cannot work." In this regard, we are in agreement with defendants Cyclops and pension board that plaintiff is collaterally estopped from establishing her eligibilty for income protection benefits in the instant action by virtue of the decision of the Commonwealth of Pennsylvania Workmen's Compensation Appeal Board entered April 15, 1982, upholding the referee's findings of fact "that the claimant was *not* injured at work or disabled." See, Nicklos v. Firestone Tire and Rubber Co., 346 F.

Supp. 185, aff'd 485 F. 2d 680 (E.D. Pa. 1972). As was noted by the Federal District Court in Nicklos, Id., 346 F. Supp. at 188, citing applicable Pennsylvania law:

"The Workmen's Compensation claim and a common law cause of action are not identical, consequently res judicata is not applicable. See Melcher v. Pennsylvania Thresherman and Farmers' Mutual Casualty Insurance Co., 389 Pa. 125, 132 A. 2d 170 (1957). Where, however, there is an identity of parties, even though the causes of action are not identical, those material matters which have been litigated between the parties are barred from subsequent relitigation by the doctrine of collateral estoppel. (Citations omitted)"

In the workmen's compensation proceedings, Margaret Minor had the burden of establishing a work related injury. The board found that she was not injured at work or disabled. In the instant suit, plaintiff is attempting to prove that she was "injured or sick and (could) not work." This is the same issue which was before the Workmen's Compensation Board which found that she was not disabled and, therefore, able to work.* Consequently, the issues advanced in plaintiff's complaint in the instant action are the very issues litigated between plaintiff and Cyclops in the workmen's compensation pro-

---

* In her reply to amended new matter plaintiff unsuccessfully attempts to distinguish the matters by asserting that the issue before the Workmen's Compensation Board was limited to whether or not she had sustained a "work related" disability whereas the plan does not require that the disability be work related. Such distinction is meaningless, however, in view of plaintiff's allegation as set forth in her amended complaint that "she was disabled and unable to work because of a disability arising from her employment" (Amended complaint, paragraph 9).

ceedings and they may not be litigated again between the same parties. Defendants are, therefore, entitled to summary judgment in their favor on Count One of the complaint.

The final issue remaining for disposition concerns plaintiff's claim for benefits pursuant to Count Two of her complaint under the "Pension Plan for Salaried Employees of Cyclops Corporation." This plan is administered by co-defendant, Pension Board, and hence their involvement in the case at hand. Section 4.5 of the plan entitled "Permanent Incapacity Retirement" states that:

"Any participant who shall have had at least *15 years of continous service and who shall have become permanently incapacitated* shall be eligible to retire on or after the Effective Date (of the Plan) and shall upon his retirement (hereinafter called "permanent incapacity retirement") be eligible for a pension."

In order, therefore, to qualify for a "permanent incapacity retirement" plaintiff, Margaret Minor, must demostrate both 15 years of "continuous service" with Cyclops as well as a permanent incapacitation as that term is defined elsewhere in Section 4.5 of the plan. Initially it should be noted that based upon the foregoing reasoning the court finds plaintiff's claim of permanent incapacitation to be likewise barred by the doctrine of collateral estoppel as a result of the prior final determination of the Workmen's Compensation Appeal Board.

Moreover, the court further finds plaintiff ineligible for a "permanent incapacity retirement" by virtue of her inability to establish "at least 15 years of continuous service" with Cyclops. It is undisputed that the length of plaintiff's actual service with Cyclops totals approximately 12 years and nine months. Notwithstanding the above, plaintiff con-

tends that as she was physically disabled, she is entitled to an additional credit towards the requirement of 15 years of continuous service. We disagree.

The term "continuous service" is defined at Section 10.1 of the plan as follows:

"10.1 *Continuous Service*

The term "continuous service" as used in the Plan means service with the Company and any Participating Company, whether on a salary or hourly basis, calculated from the Employee's most recent employment commencement date (this means in the case of a break in continuous service, continuous service shall be calculated from his reemployment commencement date following the last unremoved break in continuous service) to his break in continuous service in accordance with the following provisions; . . .

• • •

"(c) There shall be no deduction for any time lost which does not constitute a break in continuous service, except that in determining length of continuous service for pension benefit accrual purposes (i) that portion of any absence which continues beyond 2 years from commencement of absence due to a layoff or physical disability, shall *not* be creditable as continuous service; *provided, however, that absence in excess of 2 years due to compensable disability incurred during course of employment shall be creditable as continuous service, if the Employee is returned to work within 30 days after final payment of statutory compensation for such disability or after the end of the period used in calculating lump-sum payment . . .*"

Section 10.1 (3)(5) goes on to state that "an employee shall incur a break in continuous service upon:

"(5) absence due to a layoff or physical disability which continues for more than 2 years except that (i) *absence in excess of 2 years due to a compensable disability incurred during the course of employment shall not break continuous service, provided the participant is returned to work within 30 days after final payment of statutory compensation for such disability or after the end of the period used in calculating a lump-sum payment.*" (Emphasis added.)

It is well established law in this Commonwealth that the construction and legal effect of an unambiguous written contract is a question of law for the court and not one of fact for the jury. Hewes v. McWilliams, 412 Pa. 270, 194 A.2d 339 (1963); National Products Co., Inc. v. Atlas Financial Corp., 238 Pa. Super. 152, 364 A.2d 730 (1975). Inasmuch as the above quoted language is clear and unambiguous, it is apparent that Section 10.1 (c) of the Pension Plan for Salaried Employees of Cyclops Corporation provides that continuous service accrues beyond two years only if the employee "is returned to work within 30 days after final payment of statutory compensation." Since Margaret Minor has neither received statutory compensation nor has she returned to work, she would not be entitled to a credit for continuous service beyond two years even were she able to demonstrate an absence attributable to "physical disability." Thus, even if plaintiff were somehow able to overcome the collateral estoppel bar and was permitted to prove her "physical disability" in the instant proceeding so as to qualify for the two year continuous service credit which arises where an employee is physically disabled but does not return to work, she would still not have accrued 15 years of continuous service and, therefore, is not entitled to receive any pension benefits under

the "permanent incapacity retirement" portion of the pension plan.

An appropriate order is attached hereto.

## ORDER

And now, this April 4, 1984, for reasons set forth in the foregoing opinion, it is hereby ordered that the complaint of plaintiff, Margaret Minor, is dismissed with prejudice and that summary judgment be entered in favor of defendants, Cyclops Corporation and the Pension Board of the Pension Plan for Salaried Employees of Cyclops Corporation.