## Lesko, Appellant, *v.* Lehigh Valley Coal Co.

*Workmen's compensation—Attack of apoplexy—Accident—Evidence.*

The Supreme Court will not reverse a decision of the Workmen's Compensation Board sustained by the court below and based on competent evidence, disallowing a claim, where the findings are in effect that claimant, a miner, was seized by an attack of apoplexy while at work, that there was no appearance of external violence to his person, that there was no unusual occurrence at the time calling for extra exertion or strain, and that what happened to him was not an accident within the meaning of the Workmen's Compensation Act.

Argued February 14, 1921. Appeal, No. 12, Jan. T., 1921, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1920, No. 73, affirming decision of Workmen's Compensation Board disallowing claim, in case of Mike Lesko v. Lehigh Valley Coal Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before KOCH, J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the Workmen's Compensation Board, disallowing the claim: See 48

Pa. C. C. R. 399; 28 Pa. Dist. R. 844; 15 Schuylkill L. R.
334.   Plaintiff appealed.

*Error assigned,* among others, was above decree, quot-
ing it.

*Roger J. Dever,* for appellant.

*Daniel W. Kœrchner,* for appellee.

PER CURIAM, March 7, 1921:

Plaintiff, sixty-five years of age, a miner in defend-
ant's employ, presented his petition to the Workmen's
Compensation Board for compensation, alleging having
received injury while working at his regular employ-
ment at defendant's colliery.   The board dismissed his
petition and the Court of Common Pleas of Schuylkill
County affirmed its action.   Claimant appealed.

The testimony upon which the board based its conclu-
sion is, in substance, that on August 26, 1918, claimant,
while employed at defendant's colliery breaking rock,
his usual work, was noticed by his fellow workmen "to
cease work, rest on the frame of the coal chute, and move
his hand and leg up and down," that at the time his body
was shaking and he would have fallen to the floor except
for the support given him by others.   He was sent to his
home in an ambulance and at once attended by a physi-
cian who found him unconscious and paralyzed on the
right side, the result of cerebral apoplexy.   Other medi-
cal testimony, in addition to that of the doctor first
called, was to the effect that claimant was afflicted with
an enlarged heart and also arteriosclerosis, which caused
his arteries to degenerate and become weakened.   They,
however, did not say the apoplexy from which he was
suffering was brought on by the work in which he was
engaged.   From this testimony the board found "that
at the time of the cerebral hemorrhage and the conse-
quent apoplexy the claimant was performing the kind

of work he had been engaged in off and on during the entire day; that there was no unusual happening in the course of his work, nor marks nor evidence of external violence to his person, nor was there shown any sudden unlooked for occurrence in the course of his work calling for any extra exertion or strain other than that required by his usual and ordinary labor for the day and that what happened to him was not an accident within the meaning of the Compensation Act of 1915." The evidence referred to being competent and ample to support the findings of fact indicated, we must accept them as final and conclusive and sustain the action of the board in dismissing claimant's petition.

The order of the board is affirmed and the appeal dismissed.