# Zukowsky *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Death—Course of employment—Internal strain—Hemorrhages.*

An award of the workmen's compensation board for the death of claimant's husband will be sustained, where there is sufficient and competent evidence to sustain a finding that deceased suffered an internal strain while working in the course of his employment, resulting in hemorrhages of the stomach and bowels, from which he died.

Argued February 14, 1921. Appeal, No. 10, Jan. T., 1921, by defendant, from judgment of C. P. Schuylkill Co., July T., 1917, No. 67, and Sept. T., 1919, No. 282, affirming decision of the Workmen's Compensation

Board, awarding compensation, in case of Emily Zu-
kowsky v. Philadelphia & Reading Coal & Iron Co.  Be-
fore FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER,
JJ.  Affirmed.

Appeal from decision of Workmen's Compensation
Board.  Before BERGER, J.

The opinion of the Supreme Court states the facts.

The court sustained the decision of the Workmen's
Compensation Board: See 48 Pa. C. C. R. 524; 16
Schuylkill L. R. 138.  Defendant appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*Jno. F. Whalen,* with him *George Ellis,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, March 21, 1921:

Defendant appeals from an award in plaintiff's favor
by the Workmen's Compensation Board and affirmed
by the Court of Common Pleas of Schuylkill County.
On August 7, 1919, the husband of plaintiff, while en-
gaged at defendant's colliery in loading coal, complained
of receiving injury, from which he died three days later.
Plaintiff's contention is that her husband's injury was
the result of a sprain, received while at work, which
ruptured a blood vessel of the stomach.  The compensa-
tion board, accepting this theory of the death, awarded
compensation, and the common pleas affirmed the board's
action.  The defense was that plaintiff failed to produce
sufficient evidence to sustain the board's second finding
of facts, as follows: "While in the performance of his
duties as such employee [deceased] met with an acci-
dent in attempting to lift a brakestick and thereby suf-
fered such strain internally as to cause hemorrhages of
the stomach and bowels that his death followed as a
natural consequence thereof."  A careful reading of

the testimony convinces us that the board's conclusion should be sustained.

Deceased was an unusually healthy man, never having complained of stomach trouble or other sickness, and worked regularly. He immediately made known to his fellow workmen that he had received an injury in the abdomen while engaged at his work and on reaching his home complained of pain in his stomach, informed his wife he was "lifting something in the mines and strained himself," retired to bed and remained there until his death three days later—in the meantime "suffering with copious hemorrhages in the stomach and bowels." The medical testimony showed the hemorrhages could have been caused by the rupture of a blood vessel, the result of a strain. The evidence referred to is competent and sufficient to support the finding complained of; accordingly, the award must be confirmed and the appeal dismissed.

The award is confirmed and the appeal dismissed.