## Guyer *v.* Equitable Gas Co., Appellant.

*Workmen's compensation — Injury in course of employment — Evidence—Declarations—Res gestæ—Expert testimony.*

1. While the rules as to the admission of evidence in workmen's compensation cases are liberally construed, the findings must be based on competent evidence.

2. Where a workman has suffered a fall in the course of his employment, and subsequently dies from injuries which are claimed to have been the result of a fall, it is proper to permit a woman in whose house the deceased had entered just after his fall to testify that he looked pale, and said that he had just slipped and hurt himself, pointing to his back. Such declarations are a part of the res gestæ.

3. Statements made by the deceased as to his condition when he returned home in the evening are inadmissible.

4. Where the family physician examines a deceased workman, who had died after a fall, and testifies that although the deceased had a diseased pancreas, he might have lived for years, if the surrounding blood vessels had not been ruptured by the fall, with resulting death, an award of compensation to the widow will be sustained.

Argued October 11, 1923. Appeal, No. 106, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 3507, affirming decision of Workmen's Compensation Board, in case of Margaret Guyer v. Equitable Gas Co. Before MOSCHZISKER, C. J., FRAZER, WALLING and SADLER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, awarding claim, reversing referee. Before DREW, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned* was judgment, quoting record.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

This is a workmen's compensation case, wherein Margaret .Guyer is plaintiff and the Equitable Gas Company defendant. The claim was made on the averment that the death of plaintiff's husband, on November 4, 1921, resulted from an accident sustained in the course of his employment. The compensation board, reversing the referee, allowed the claim and, from the affirmance thereof by the lower court, defendant has appealed.

It is urged for appellant that there is no competent evidence to support the finding that the deceased sustained an accident in the course of his employment. Mr. Guyer left home in his usual health on the morning of October 27, 1921, to perform his duty as a meter reader, and in doing so entered the home of a Mrs. Sillman, in Tarentum, looking pale and saying he had just slipped and hurt himself, pointing to his back. On returning home that evening he stated he had hurt his back and leg by falling or skidding on some cellar stairs, and the next day repeated the same to the family doctor. His leg became hard and discolored, he suffered severe pain accompanied by frequent vomiting, which continued until his death.

While the rules as to the admission of evidence in this class of cases are liberally construed, the findings must be based on competent evidence: Section 422, Act of June 26, 1919, P. L. 663; McCauley v. Imperial W. Co., 261 Pa. 312. What Guyer said as to the accident on arriving home that evening, or later to the doctor, was not legal evidence and standing alone would not support the finding of an accident: McCauley v. Imperial W. Co., supra; Riley v. Carnegie Steel Co., 276 Pa. 82. The statement made to Mrs. Sillman, however, rests upon a different basis, the deceased was then pale and declared he had just sustained an accident. That declaration was apparently spontaneous and so connected with the acci-

dent itself as to be part of the res gestæ and as such competent evidence. It is not necessary that the declarations be made on the exact place of the occurrence: 22 C. J. 458. Statements by a person on going downstairs, as to what had just occurred upstairs, or on entering a house as to what had just occurred outside, would be part of the res gestæ. In either case the declaration would be an undesigned incident of the occurrence and not the recital of a past event: see Eby v. Travelers Ins. Co., 258 Pa. 525, 532; Smith v. Stoner, 243 Pa. 57. The evidence of Mrs. Sillman, corroborated by the circumstances, is sufficient to support the finding of an accident sustained in the course of employment.

The autopsy disclosed a diseased condition of the pancreas known as a cyst, which had been ruptured, as had also surrounding blood vessels, resulting in the escape of large quantities of blood into the abdominal cavity. The family doctor was present at the autopsy and, as a witness, expressed the opinion that the fall had caused the rupture of blood vessels which, in turn, had caused the rupture of the cyst and death, and but for the accident Guyer might have lived for years, notwithstanding the diseased pancreas. Other doctors expressed the opinion that the rupture of the cyst, which all agree was the immediate cause of death, was from natural causes wholly apart from the accident.

The testimony of the family doctor was competent and if credited, which was for the referee and compensation board, justified the finding that the accident was the superinducing cause of death; if so, the fact that the diseased condition of the pancreas might ultimately have caused death is no defense: Watson v. Lehigh Coal & N. Co., 273 Pa. 251; Whittle v. National Aniline & Chemical Co., 266 Pa. 356; Clark v. Lehigh Valley C. Co., 264 Pa. 529; Bakunas v. Phila. & R. C. & I. Co., 78 Pa. Superior Ct. 175. There being legal evidence to support the findings, they cannot be disturbed either in the lower court or on appeal.

The judgment is affirmed.