Weissman, Appellant, *v.* Phila. Electric Co.

Argued November 22, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*Harry M. Sablosky,* and with him *Louis A. Bloom, A. Clarence Emery* and *Maxwell Strawbridge,* for appellant.

*Frank M. Hunter,* and with him *Bernard P. Carey,* for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

This is a workmen's compensation case. Weissman, the deceased husband of the plaintiff and claimant, was in the employ of the Philadelphia Electric Company as a lineman. He was, unknown to himself or his employers, suffering from chronic nephritis.

While he was engaged in his employment, he was instructed by his foreman to climb a pole and assist a fellow employee to raise a transformer. He climbed the pole using his spurs, and a safety belt. In the removal of a cross-bar which was about twenty-five feet above the ground, it was necessary to unbolt a rack which supported it. He reached out with a wrench to unloosen one of the bolts, he drew back and said to his fellow employee that he felt dizzy; the latter told him to go to the ground and rest, but Weissman said he felt better and reached out a second time. Whether the wrench had been brought to the bolt does not appear, but apparently in the very act of applying it, the decedent collapsed and lurched forward in his safety belt and was taken to the hospital in an unconscious condition and in the course of a day or two died. The coroner's physician certified death was caused by chronic nephritis and a hemorrhage of the brain.

The referee decided that the decedent died while in the usual course of his employment and disallowed compensation. The board granted it, holding that the effort made by the employee to reach out with a wrench for the purpose of loosening a nut, while sup-

ported by his spurs and safety belt, required of him unusual exertion and did abrupt violence to the physical structure of his body by causing a rupture of the brain.

On appeal to the common pleas, the case was sent back for more specific finding of facts so as to justify if possible the conclusion reached by the board that there was some untoward occurrence on the side from the usual course of events. The board confirmed its first conclusion that the claimant was entitled to compensation and again stated that the effort of the decedent in leaning over toward the rack with a wrench in his hand for the purpose of loosening the nut, supported by his spurs and while strapped to the pole, necessitated and required of him an unusual exertion and did abrupt violence to the physical structure of his body by causing a rupture of disease arteries or blood vessels of the brain. The case was then again brought to the court of common pleas and Judge FRONEFIELD, President Judge, entered an order reversing the compensation board and reinstating the order of the referee disallowing compensation.

The board apparently lost sight of the fact that to sustain its conclusion, the occurrence must have been an unusual or untoward happening aside from the usual course of events. There is no evidence that reaching out to release a bolt was an incident that might not occur every day in the course of decedent's employment. The criterion is not whether the act causing the injury was unusual generally speaking, but whether it was unusual and untoward in the course of the employment in which the employee was engaged.

Judge FRONEFIELD refers to the case of Lacey v. Washburn & Williams, 309 Pa. 574, 164 A. 724, where Justice DREW states: "The word accident—as used in the act—must be interpreted in its usual, ordinary;

popular sense. Webster has defined it as 'an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance; contingency.' Many courts have quoted this definition, and some have added to or embellished it, but in reality few have improved upon it. It would answer no good purpose to call attention to the many immaterial variations and additions. Our decisions interpreting the word as used in our compensation law have substantially clung to this meaning."

Judge CUNNINGHAM in Pelusi v. Mandes, 109 Pa. Superior Ct. 439, cites Lacey v. Washburn, supra, and in addition refers to a number of cases upon the same subject. It is unnecessary to go over the same matter again and the following comment which our brother made in that case applies to the present.

"The fatal defect in claimant's case is that although she has shown her husband's death resulted from violence to the physical structure of his body, she has not adduced any evidence that the violence was occasioned through the happening of any undesigned, unforeseen, sudden or unexpected, occurrence—any mishap, untoward or fortuitous, event." See also opinion of our Brother PARKER in McFadden v. Lehigh Nav. C. Co., 111 Pa. Superior Ct. 501.

The order of the lower court reversing the order made by the Workmen's Compensation Board is affirmed.