Lackner *v.* Pierre, Inc., et al., Appellants.

Argued October 7, 1935. ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*George H. Detweiler,* for appellants.

*Delbert T. Kirk,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1935:

The claimant in this workmen's compensation case
alleged that on Wednesday, February 7, 1934, while in
the employ of the defendant as a dishwasher, he slipped
and fell, sustaining an injury. The board held "that
the claimant suffered an accidental, compensable injury
when he fell while in the course of his employment with

the defendant, which fall aggravated a pre-existing condition of arteriosclerosis, and caused the claimant to suffer a cerebral hemorrhage or left-sided hemiplegia," and reversed the referee who had disallowed the claim. On an appeal, the court affirmed the board. Our duty is to determine whether the record contains sufficient competent evidence to sustain the finding and conclusion of the board.

The record of the Hahnemann Hospital, offered in evidence, stated that the claimant was admitted to the hospital on February 7, 1934, with the diagnosis of a cerebral hemorrhage; that he had felt in perfect health before suddenly slipping and falling to the floor; that the "patient is uncertain whether he slipped accidentally or whether this was part of his condition." At the hearing, however, claimant testified that as he was walking to the sink "I slipped. I don't know if something was on the floor—some grease or something—I didn't see. I didn't have a chance to see. Anyhow I slipped and fell." A fellow employee stated that he called the claimant to lunch, and saw him, as he was walking, fall about eight feet from him. We think the evidence of the claimant and an eye-witness, notwithstanding the hospital record made at the time the claimant was convalescing, was sufficient for finding that he slipped and fell.

Prior to the occurrence, the claimant had been suffering from arteriosclerosis, but the fact that his condition rendered him more susceptible to such an injury than the ordinary person does not defeat his right to compensation: Clark v. Lehigh Valley Coal Co., 264 Pa. 529, 107 A. 858; Guyer v. Equitable Gas Co., 279 Pa. 5, 123 A. 590. While the doctors did not testify that the fall produced the cerebral hemorrhage, they did state that when one is suffering from high blood pressure, as the claimant was, any aggravation, such as slipping and falling, would be sufficient to cause a

stroke. It must be conceded that if the expert medical testimony is to be solely relied upon to show the connection between the alleged accident and the disability, it was insufficient, as no doctor stated that in his professional opinion the cerebral hemorrhage was caused by the fall: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 113 A. 666; Smith v. Primrose Tapestry Co., 285 Pa. 145, 131 A. 703; but expert testimony need not be solely relied upon in a case of this character. When an injury or disability follows immediately, without an intervening cause, as here, it may be assumed that the accident was the natural and probable cause thereof: Balch v. Budd Mfg. Co., 277 Pa. 548, 122 A. 1; Davis v. Davis, 80 Pa. Superior Ct. 343; Flour v. P. R. R. Co., 99 Pa. Superior Ct. 170; McCoy v. Spriggs, 102 Pa. Superior Ct. 500, 157 A. 524; Kucinic v. United Eng. & Fdy. Co., 110 Pa. Superior Ct. 261, 168 A. 344. Whether the claimant's fall aggravated a pre-existing condition of arteriosclerosis and caused a cerebral hemorrhage, or whether he fell as a result of a stroke, was, in our opinion, a question of fact for the board's determination.

In neither Riley v. Carnegie Steel Co., 276 Pa. 82, 119 A. 832, nor Carroll v. Willow Brook Co., 108 Pa. Superior Ct. 580, 165 A. 550, cited by appellant, was there competent evidence of an accident. They are, therefore, not controlling.

Judgment affirmed.