McLaughlin, Appellant, *v.* P. H. Butler Company.

140

Argued May 5, 1936.

Before KELLER, P. J. CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Frank A. Green,* with him *Mulvihill & Herron,* for
appellant.

*James J. Burns, Jr.,* for appellee.

PER CURIAM, July 10, 1936:

Claimant, on May 9, 1930, while working in defend-
ant's store, hit her head against a cash register, as she
was rising from a stooping position, and suffered an
injury to her head which disabled her. A compensation
agreement was entered into which provided for weekly
payments of $8.45 beginning May 17, 1930. Subse-

quently a petition was filed by the employer to terminate compensation, on the ground that she was able to resume work as of July 12, 1930. A hearing was had before a referee, who found she had fully recovered from the injury caused by the accident and that any ailment from which she was then suffering was due to causes other than the accident of May 9, 1930; and, accordingly, he ordered the agreement terminated as of July 12, 1930. On her appeal to the Board the findings of fact and conclusions of law of the referee were, on February 19, 1931, affirmed and the appeal was dismissed. Claimant took no appeal to the court of common pleas from this action of the Board.

On June 29, 1931 claimant filed a petition for reinstatement of the agreement and payment of compensation up to June 10, 1931, the date of her full recovery, on the ground that the testimony of Dr. Berg which induced the referee to terminate the agreement was founded on a wrongful and erroneous diagnosis. This was referred to a referee, who received the testimony of Dr. Wagner in support of the petition for reinstatement, and found that it was insufficient to change the former ruling, but dismissed the petition for want of jurisdiction. On appeal to the Board, that body overruled the dismissal for want of jurisdiction, and considering the case on its merits, found that the evidence was insufficient to sustain the petition, and that Dr. Wagner's testimony that a blow such as she had received at the time of the accident could have caused her disability from July 12, 1930 to June 10, 1931, was not legally sufficient to warrant a reinstatement of the agreement. On appeal to the court of common pleas the order of the Board was affirmed.

We need not discuss the questions raised by appellee as to the time of appeal to the common pleas or the right of the claimant, by a petition to reinstate, to set aside an order of the Board from which no appeal was

taken. For the Board, the ultimate fact finding body, held, in effect, that the burden of proof resting on the claimant had not been satisfactorily met by her. It was the province of the Board, not ours or the lower court's, to pass on questions of fact and decide whether the evidence produced by the claimant on her petition to reinstate the agreement was sufficient to overcome the previous findings of fact of the referee, approved by the Board, that she had recovered from the effects of her accidental injury, and that any ailment from which she suffered after July 12, 1930, was due to causes other than the accident of May 9, 1930. The Board correctly ruled that the testimony of Dr. Wagner did not meet the requirements as to expert medical testimony laid down by the Supreme Court in Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 206, 133 A. 256, to wit: "The witness would have to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that 'in his professional opinion the result in question came from the cause alleged'; for, according to our latest pronouncement on this subject, a less direct expression of opinion would fall below the required standard of proof, and therefore would not constitute legally competent evidence: See McCrosson v. Phila. R. T. Co., 283 Pa. 492, 495-6; Anderson v. Baxter, 285 Pa. 443, 446-7".

The judgment is affirmed.