## Orlando *v.* Pennsylvania Railroad Company, Appellant.

Argued October 24, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Roy M. Jamison,* with him *Charles Matthews, Jr.,* of *Matthews, Jamison, Matheny & Graham,* for appellant.

*Clarence A. Patterson,* for appellee.

OPINION BY BALDRIGE, J., December 20, 1938:

The claimant filed a petition for compensation in behalf of herself and three minor children. Defendant filed an answer thereto denying that the decedent died as a result of an accident in the course of his employment, alleging that his death was due to natural causes. The compensation authorities granted an award, exceptions thereto were overruled, and the findings of fact and conclusions of law were sustained by the court below. This appeal followed from the judgment entered.

The conclusion of the compensation authorities that the employee died as the result of an accident sustained

in the course of his employment involves a legal question, and it is our duty to determine whether such conclusion is supported by evidence.

The decedent was employed by the defendant company as a machinist. On August 21, 1936, he went to work at 3 o'clock and shortly thereafter, with his helper, was engaged in raising a "light engine" by two jacks, each weighing 250 lbs., which they moved to the engine on a small truck, from which the jacks were tilted to the ground and then "wiggled" under the engine by means of a handle. Each jack was operated by a bar 6 feet long which moved vertically. Obviously, this required some physical effort, but a fellow-employee of the decedent testified as follows: "Q. Did you and Mr. Orlando do any heavy work on that day? A. We just work like always. We always work the same. Q. Did you do any heavy work? A. Not heavy ...... Q. Did anything unusual happen on that day? ...... A. No." This witness testified further that the decedent had complained previously that he was not feeling well. On the day in question, between 4 and 5 o'clock, after the engine had been raised, pins put in the spring hanger, and the engine lowered, the decedent complained to this witness of pain in his abdomen. The deceased also told his foreman of the pain he was experiencing and that he was unable to continue his work; he left for home between 5:30 and 6 o'clock. When the decedent's son arrived home about 6 o'clock he found his father in agony. Dr. Palazzo, his physician, was summoned and directed that he be taken immediately to the hospital. The doctor diagnosed his case as a perforated ulcer but deemed it inadvisable to operate. His death followed 8 days later, on August 29, 1936.

The burden was upon the claimant to show by sufficient competent evidence that her husband's death resulted from an unexpected or fortuitous happening amounting to an accident sustained in the course of his employment, that is, from some actual violence in the

nature of a strain, sprain, twist, or rupture, causing a break or sudden change in the physical structure or tissues of the body: *Swiderski v. Glen Alden Coal Co.,* 114 Pa. Superior Ct. 21, 173 A. 865; *Smith v. State Workmen's Ins. Fund et al.,* 128 Pa. Superior Ct. 133, 193 A. 101.

We have frequently held under varying circumstances that over-exertion in the course of employment is an accident. In every case, however, where compensation has been allowed, there was shown some untoward occurrence—some fortuitous or unexpected happening. See *Falls v. Tenn. Furniture Co.,* 122 Pa. Superior Ct. 550, 186 A. 272; *Witt v. Witt's Food Market et al.,* 122 Pa. Superior Ct. 557, 186 A. 275; *Vitanza v. Iron City Produce Co. et al.,* 131 Pa. Superior Ct. 441, 200 A. 311. Over-exertion is to be taken in a limited sense and where, as here, an employee was performing hard labor, of the same kind and in the same manner as he had been accustomed to doing, and was suddenly stricken and died, the performance of such hard labor was not of itself an accident within the meaning of the Workmen's Compensation Act: *McFadden v. Lehigh Nav. Coal Co.,* 111 Pa. Superior Ct. 501, 170 A. 314; *Sachs v. Mitchell et al.,* 131 Pa. Superior Ct. 138, 199 A. 229.

In *Amentlar v. New Upper Lehigh Coal Co.,* 131 Pa. Superior Ct. 97, 198 A. 678, the claimant was a miner but had been engaged for three weeks in constructing a loading platform. He sustained a rupture of a blood vessel while dragging a forepole, estimated at weighing between 90 and 115 lbs., and died from a hemorrhage of the brain five days later. The proof established that he had definite arteriosclerosis but of a minor degree. The doctor testified that the exertion accelerated his death but that he was "likely to die" at any time. We there said (p. 103): "Here Amentlar was suffering from a progressive disease which was shown by claimant's own witnesses to be a possible cause of death at any time. This excludes that line of cases where one in good health

is suddenly incapacitated and from the circumstances an accidental cause may be inferred. While claimant's doctor testified that the exertion was a contributing cause of death, such fact, if accepted, was not sufficient to support the claim ...... The claimant is left without any support in the record for her claim that the injury was due to an accident, since there is not any evidence that her decedent was performing any unusual work or in fact any other kind of work than he performed regularly or that he was doing it in an unusual manner." We, therefore, held that the evidence was insufficient from which an accident might be inferred.

Dr. Palazzo, upon whom the claimant depends for her medical testimony, stated that an ulcer progressively eats through the three-layers of stomach tissue and that perforation could occur at any time without doing heavy work or lifting. His testimony, in part, was as follows: "Q. Did you arrive at any conclusion as to whether this man had been suffering with an ulcer condition? A. Possibly he had. Usually they do. It is very rare that perforations occur without trauma, or a pre-existing condition ...... Q. Doctor ...... do you have any opinion as to a causal connection between the work which he was doing and the death occurring about a week later? A. It is almost impossible for me to state definitely just what happened there ...... but I do not think the ulcer was caused by work, but if we think that the man had been doing some strenuous work lifting and then complained very shortly and very strongly of pains, even within fifteen or twenty minutes, or half an hour, one would think of the possibility of the strain causing the perforation ...... Q. Did you form any opinion as to whether or not the work he was doing did aggravate the condition which apparently existed? A. No doubt the condition existed, and was not due really to the work, but this perforation might have been caused by the heavy work of lifting, if it happened at the time of the work, or shortly after the lifting." Upon cross-

examination, Dr. Palazzo testified as follows: "Q. Might he have perforation at home, even if he had not gone to work? A. Possibly. Q. And would that not be quite probable in view of the fact that he did the same kind of work on the 20th that he did on the 21st? A. Probably would ...... Q. It might be possible in this case that the ulcer ate its way through while this person was at work? A. That could be possible. Q. Just as possible as thinking that the strain caused it to break through? A. Yes, there is a 50-50 chance. But then if we have a history of strain, then we would attribute that to strain, especially what I heard from the previous testimony that the man had not been eating—no food in his stomach and no formation of gas."

The difficulty that confronts the claimant is that there is no evidence, as already stated, of an unusual strain or over-exertion. Furthermore, the doctor did not testify explicitly, as is required, that, in his professional opinion, decedent's death was due to a strain or heavy lifting in the course of his employment, *McCrosson v. Phila. Rapid Transit Co.*, 283 Pa. 492, 129 A. 568; *McLaughlin v. P. H. Butler Co.*, 122 Pa. Superior Ct. 139, 186 A. 190; *Bunnell v. State Workmen's Ins. Fund et al.*, 124 Pa. Superior Ct. 171, 188 A. 411.

In *Keck v. John Mullen Const. Co.*, 113 Pa. Superior Ct. 564, 173 A. 863, cited by appellee, the deceased, assistant foreman of structural iron workers, collapsed while lowering two channel irons, weighing at least 75 lbs., by a rope, so that he bore almost the entire weight alone. He was operated on the following day for stomach ulcers but did not survive the operation. The doctor who operated testified that he found a perforated ulcer about the size of a silver dollar with a "slit in its center about one-half inch long;" that while the ulcer may have been old, the clear cut in the center was new. He expressed the opinion that decedent suffered a perforation of a stomach ulcer because of "excessive strain upon the abdominal muscles." We held that death re-

sulted from an accident because there was proof of violence to the physical structure of the body.

In *Lackner v. Pierre, Inc.*, 120 Pa. Superior Ct. 50, 181 A. 845, cited by appellee, the claimant slipped and fell and sustained an injury. There an accident obviously occurred. That is not the situation that now confronts us.

We are all of the opinion, after a careful consideration of this case, that the evidence, taken in its entirety, falls short of the standard of proof required by law.

It is unnecessary, in view of what we have heretofore said, to consider the subsidiary question raised by appellant, viz., that it lacked knowledge of any accident and the claimant failed to give notice thereof within ninety days after its alleged occurrence. We might add, however, that we are not impressed that it possessed any particular merit.

Judgment of the court below is reversed, and now entered for defendant.