Joebon, Appellant, *v.* Reitz Coal Company.

Submitted April 10, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Harold Kaminsky,* for appellant.

*Francis A. Dunn,* for appellee.

PER CURIAM, June 27, 1939:

The claimant's husband, a miner in the employ of the defendant coal company, died on January 24, 1934 from a ruptured aneurysm of the aorta. On the morning of December 22, 1933, while he was pushing a loaded car of coal down grade to the heading, the brakes slipped, and as he ran alongside the car, he bumped against a prop and was knocked down. After a fifteen minute rest he resumed work and continued working for the rest of the day. The mines were closed the next four days because of the Christmas holidays. He resumed work on the reopening of the mines on December 27, and worked thereafter every working day up to and including January 23, 1934. He died early on the morning of January 24. An autopsy showed that his death resulted from the rupture of a syphilitic aneurysm of the aorta.

His widow made claim for compensation on the ground that his accident on December 22 aggravated the aneurysm and hastened his death. She produced medical testimony which gave support to her claim.

On the other hand, the defendant produced medical testimony that there was no causal connection whatever between the employee's accident and his death over a month later; and an impartial expert medical witness summoned by the Workmen's Compensation Board gave it as his opinion that, in the circumstances present in this case, the employee's death was not caused or accelerated by the accident a month before.

This raised a question of fact for the decision of the board. The board decided it against the claimant. As there is substantial competent evidence in the record to support the finding, it is not subject to reversal by the court of common pleas or this court. See *Hoosca v. Lytle Coal Co.,* 129 Pa. Superior Ct. 434, 436, 196 A. 892; *Magiocco v. U. S. Aluminum Co.,* 131 Pa. Superior Ct. 341, 342, 343, 200 A. 117.

Judgment affirmed.