## Sadusky, Appellant, *v.* Susquehanna Collieries Company.

Argued October 23, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*H. F. Bonno,* with him *Roger J. Dever,* for appellant.

*Henry A. Gordon,* for appellee.

596

Opinion by Hirt, J., April 19, 1940:

The question raised by this appeal is whether there is substantial competent evidence to support the finding of the board that death resulted from an accident within the definition of §301 of the Workmen's Compensation Act of June 2, 1915 P. L. 736?

Claimant's husband, 43 years old, died on February 5, 1936 in the course of his employment in the mines of defendant colliery. For more than eight years he had been in the employ of the defendant; his principal duty was to keep the tracks in proper repair so that the movement of coal out of the mine would not be interrupted. His first assignment on the morning of the day of his death was to repair, with the aid of a helper, the tracks at the bottom of the slope of the mine, at a point where coal cars had derailed the night before. The repair consisted in drawing the spikes from the ties along a section of the track, replacing the damaged wooden ties or sills, straightening the rails by means of a mechanical device known as a "bender" to bring the track to gauge, and finally respiking the rail to the ties. The men were working on this section of the track for about an hour. In the meantime another "wreck" had occurred on the main artery of the system within the mine which had stopped all movement of coal and decedent and his helper were directed to clear up this second wreck before the work on the first repair had been completed. Repairing the track on this second assignment involved the same kind of work performed by decedent and his helper on the tracks outside of the mine and the second repair was completed in about 45 minutes. They returned to finish the work on the tracks at the foot of the slope and after driving some spikes, decedent complained of a burning sensation in his chest. He continued working, however, until noon when he went into the mine for his lunch pail. Shortly thereafter his dead body was found lying in the passageway.

The referee refused an award. On appeal, the board made substituted findings, among them the following: "4. The work in cleaning up these tracks required greater effort, harder work, faster work, and more hustle than was usually required. At about noon on this day the decedent collapsed, and was found dead at or near the place where he worked on the first wreck. 5. From the testimony of Dr. Konzelman, who performed the autopsy, and who was called by the defendant to testify, we find the decedent was suffering from hypertrophy of the heart, acute dilatation, marked arteriosclerosis, and acute degeneration of the heart muscles. This indicated, and we find, as a fact, that the decedent was suffering of a heart condition prior to February 5, 1936. 6. We also find that the decedent, by doing his work faster, and hustling to get the mine in shape for production, overexerted himself which brought on a heart attack. 7. We also find that the heart attack resulted in a fainting spell which was accompanied by vomiting or caused the decedent to vomit, and the vomitus was inhaled into the lungs and caused death by asphyxiation. 8. We also find that the overexertion (which constitutes an accident, *Strode v. Donahue*, 127 Pa. Superior Ct. 231, 193 A. 86) superinduced the heart attack which eventually caused the death of the decedent by asphyxiation." On the above findings the board awarded compensation. The lower court reversed and entered judgment for the defendant.

The finding made by the board as to the prior condition of decedent's heart and his diseased arteries is fully sustained but the testimony as a whole does not support the conclusion that the labor which deceased was doing entailed greater effort and harder labor than was ordinarily required in his daily work. The injury to the physical structure of the body need not be the result of external violence but may originate internally from overexertion. But to constitute an accident there must be some untoward occurrence outside of the usual

course of the employment in which the workman was engaged: *Burrell v. State Workmen's Ins. Fund et al.*, 127 Pa. Superior Ct. 510, 193 A. 439; *Weissman v. Phila. Electric Co.*, 111 Pa. Superior Ct. 353, 170 A. 318. If the labor, though hard, is of the same kind, done in the same manner that it has been performed for years, disability resulting from the exertion does not constitute an accident: *Rocco v. Ellsworth Collieries Co.*, 111 Pa. Superior Ct. 508, 170 A. 316. The right to recover compensation is limited to cases where injury or death is due to some unexpected or fortuitous event: *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724; *Pelusi v. Mandes et al.*, 109 Pa. Superior Ct. 439, 167 A. 456. There is testimony that it is unusual for two wrecks to occur at the same time calling for the prompt repair of two separate sections of the track but there was nothing unusual in the nature of the work nor in the operations involved in its performance.

It is contended, however, and the board so found, that the haste with which the work was done supplied proof of overexertion causing the dilatation of the heart to which death was attributed. Death in the ordinary course of employment resulting from strain upon the heart caused by unusual exertion is an accident within meaning of the workmen's compensation statutes, and the fact that the employee had a chronic ailment which made him susceptible to the injury does not defeat the right to compensation. *Hill v. Thomas S. Gassner Co. et al.*, 124 Pa. Superior Ct. 217, 188 A. 382. The doing of one arduous task after another with undue haste may result in overexertion from the unusual manner of performing the work, but without evidence of an unusual strain sudden death raises no presumption of an accident: *Lesko v. Lehigh V. Coal Co.*, 270 Pa. 15, 112 A. 768; *O'Neill v. Lehigh C. & Nav. Co.*, 108 Pa. Superior Ct. 425, 165 A. 60; *Mooney v. Yeagle et al.*, 107 Pa. Superior Ct. 409, 164 A. 82; *Burrell v.*

*State Workmen's Ins. Fund et al.,* supra. The fatal weakness of claimant's position is that the record in this case is barren of evidence of circumstances from which overexertion from haste in the performance of the work may be inferred. One of decedent's helpers when asked: "Did you work any faster on this day than you did on other days?" replied, "We did some, in order to hustle up and get the thing going because we had two jobs tied up." This, with another statement of the helper "When I worked with Sadusky when anything happens we tried to get everything fixed up as quickly as possible to get the trip moving" is all of the testimony on the subject. Hastening the work "some" and "trying to get everything fixed up as quickly as possible" is not evidence of work done in an unusual manner and death occurring in the course of labor so performed does not raise a presumption of accidental death from overexertion. In the absence of evidence of unusual strain either from the nature of the work decedent was doing or from the manner of its performance no presumption of accidental death is raised.

Judgment affirmed.