Crispin *v.* Leedom and Worrall Company et al.,
Appellants.

2

Argued April 17, 1940.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*H. S. Millar*, with him *W. D. Brandon, J. Campbell
Brandon* and *L. F. McGrath*, for appellants.

*Dale B. Painter*, with him *Clark H. Painter* and
*Howard I. Painter*, of *Painter & Painter*, for appellee.

OPINION BY CUNNINGHAM, J., October 4, 1940:

The employer and its insurance carrier have appealed
in this workmen's compensation case from the judg-
ment entered in the court below upon an award of com-
pensation to the claimant for total disability, held to
be attributable to a "personal injury . . . . . . by an acci-
dent, in the course of his employment." The funda-
mental issue is whether there was competent proof of
an "injury by an accident," within the meaning of Sec-
tion 301 of our Workmen's Compensation Act of June
2, 1915, P. L. 736, 77 PS §§411 and 431. The portion
of the "physical structure" of claimant's body involved
is his heart, and the "violence" found by the board to

have been inflicted upon it was a strain suffered while claimant was assisting in pushing a loaded truck off an elevator.

As there was a finding by the referee and board, based upon the medical testimony introduced on behalf of claimant, that at the time of the alleged injury he had a preexisting "arteriosclerotic type of heart affection," and as there was no evidence of any unexpected, undesigned or unforeseen, external violence to any part of claimant's body, we are confronted in the disposition of this appeal with one of those border line and troublesome cases which frequently arise in this branch of the law.

Having in mind the admonition of our Supreme Court that an accident cannot be inferred *merely* from an injury and that there must be some evidence, either direct or circumstantial, of an accident, together with proof of a resulting injury, in order to sustain an award of compensation (*Adamchick v. Wyoming Val. Coal Co.,* 332 Pa. 401, 3 A. 2d 377), we have concluded to recite the evidence at some length and attempt a review and classification of the decided cases in the hope that some general principles of law may be defined for the guidance of those charged with the administration of the statute.

The employer company was engaged in the wholesale grocery and produce business. Claimant was employed as a stock man; his duties consisted of unloading cars and storing groceries and canned goods in its warehouse. These goods were loaded on trucks, which were then pushed onto an elevator and taken to the various floors. The trucks are four feet wide, six feet long, and about eighteen or twenty inches high; they rest on four wheels, and weigh about 250 pounds.

Shortly after reporting for work on November 18, 1937, the claimant, together with a fellow employee, Myles Hoover, loaded forty cases of canned goods on a truck. The cases weighed about 37½ pounds each,

4

and together with the weight of the truck the total load was about 1750 pounds. The truck was then pushed onto the elevator and taken to the fourth floor. The elevator was operated by pushing a button and stopped automatically at the desired floor. In this instance, however, the elevator did not stop on a level with the fourth floor of the warehouse, but remained about an inch or an inch and a half below the warehouse floor. Claimant and Hoover then attempted unsuccessfully to push the truck off the elevator and over the obstruction thus created. A second effort was necessary. Claimant's description of the incident reads: "A. We went to push the truck off the elevator. We pushed it up and it struck the floor and we didn't get it up. We backed up and pushed again. Q. Who pushed the truck? A. Mr. Hoover and me. Q. What happened? A. That is when I got hurt. Q. How? A. Just as that truck went over there, I felt a pain and shortness of breath and got sick."

The claimant and Hoover continued to push the truck for a distance of about forty feet, but by that time the claimant was too ill to do any more work. He went home and was treated by his family doctor; he attempted to return to work on three occasions, but his condition was such that he could not perform even light work.

On cross-examination, claimant admitted that on several occasions he had handled loads as large as the load in question, and that there was nothing unusual about this particular one. He further admitted that the elevator would not come up level with the floor when heavily loaded, and that it could not be manipulated by hand so as to make it level with the floor—an adjustment with a screwdriver would be necessary. The same trouble had been experienced on other occasions, and it was "more or less an ordinary thing" when the load was heavy.

Hoover's account of the circumstances under which

claimant became ill reads: "A. We started to shove the truck off and it didn't go the first time and we pulled it back and gave it another heave and we ran back to where we were going to pile the stuff and when we got there, he said, 'I believe I hurt myself pushing that truck out' and he was awful pale, and he sat down, and I started to unload the truck. He got up and started down, and when I got down again they said that he went home."

His testimony was also to the effect that the elevator usually stopped below the level of the floor when heavily loaded.

Upon the question of a causal connection between the alleged injury and claimant's conceded disability, or, in other words, upon the issue whether his disability was due to the normal progress of the heart condition which existed at the date of the occurrence or was caused by a sudden, unexpected, and fortuitous strain upon that organ, claimant introduced the testimony of two physicians.

Dr. J. D. Purvis, who treated the claimant following the injury, said that his diagnosis was an arteriosclerotic type of heart which had been overloaded, i. e., the heart muscle was strained. He further testified that in his opinion the claimant's act in pushing the heavily loaded truck from the elevator was a precipitating factor in bringing about his disability. On cross-examination, he elaborated on his testimony by saying that what happened to the claimant at the time of his injury was a loss of compensation, whereby the heart was unable to come back to its previous condition; the effort caused a strain on the heart muscle.

Dr. C. A. Robb testified that in his opinion the claimant had a weak heart to begin with and that the effort exerted by him was a factor in producing his disability; there was a cardiac strain, with resulting de-compensation and enlargement of the heart. On cross-examina-

tion, he explained this further by saying that the heart structure of the claimant had been damaged by the exertion.

It further appears from the record that prior to the day of the alleged accident the claimant never experienced any difficulty with his heart, nor had he ever complained of any such illness.

The appellants submitted medical opinion evidence conflicting with that given in behalf of claimant. Dr. W. L. Mullins testified that in his opinion the cause of the claimant's disability was "probably high blood pressure and degenerative changes in the heart and blood vessels." The witness ascribed claimant's symptoms to a thrombosis of a branch of one of the coronary arteries, but admitted that one with a heart condition such as claimant had would be more susceptible to a heart strain than a person with a normal heart, and that the effort exerted by claimant might possibly have had something to do with his disability.

The sufficiency of the medical testimony in behalf of claimant is challenged, but there is no merit in the contention. His witnesses testified unequivocally that in their opinion the injury occurred when he pushed the truck from the elevator and that the effort there involved was a precipitating factor in bringing about his disability. Such testimony was sufficient: *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256; *McLaughlin v. P. H. Butler Co.*, 122 Pa. Superior Ct. 139, 186 A. 190; *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995. In any event the question was for the board and its findings, based as they are on competent evidence, cannot be set aside. *Joebon v. Reitz Coal Co.*, 136 Pa. Superior Ct. 25, 7 A. 2d 11.

Summarizing the evidence, there was proof that the claimant, having a somewhat weakened heart and without the application of any external violence, suffered an internal injury, in the nature of a heart strain,

which caused a sudden and disabling change in the physical structure of his body, while pushing a heavy truck from an elevator which was about an inch and a half below floor level. There was nothing unusual in the work or in the fact that the elevator was below the level of the floor. There was also evidence that claimant's preexisting heart condition was not of a serious or rapidly progressive type but was a chronic condition, due to ordinary "wear and tear," and had not affected in any way his ability to perform hard labor of the kind he was engaged in .when injured. He had worked, practically continuously, for Leedom and Worrall since 1909.

When we turn from the consideration of the evidence in the case at bar to a review of the decided cases in which a preexisting organic weakness, or an actually diseased condition, of an organ or organs of the employee's body became an important factor in determining whether compensation should be awarded or disallowed for a death or an injury, the first class of cases naturally suggested consists of those in which the employee had a preexisting disease which had progressed to the point where the continuation of his normal work was dangerous. Notwithstanding his physical condition, the employee continued at work until stricken while performing his usual work in the usual way and without the happening of any unexpected external occurrence.

In such cases there was nothing accidental about the death or disability, and compensation was denied. *Pelusi v. Mandes,* 109 Pa. Superior Ct. 439, 167 A. 456, is an example of this class. There the testimony showed that the deceased was suffering from a "chronic, degenerative disease of the circulatory system and of the kidneys, with a specialized diseased process involving the arch of the aorta ...... a lesion known as an aneurysm." His condition was likened to that of "a rubber tube about to give way." His life was constantly

in jeopardy, and any exertion, however slight, might prove fatal.

The duties of the deceased consisted of pushing a wheelbarrow, loaded with cement, along a level scaffold and delivering the cement to the masons. On the day of his death he wheeled his barrow a distance of about seven feet and stopped for a moment to talk to a fellow employee. He collapsed suddenly and died almost instantly from a rupture of the aneurysm.

In denying compensation, the court said that death or disability from a natural cause, though hastened by performance of the usual and ordinary duties of an employee, cannot be treated as accidental. On the other hand, if there is evidence of an accident, the fact that the employee was suffering from a chronic ailment which rendered him more susceptible to injury than a normal person will not prevent an award. But in this case there was no proof of any unexpected, undesigned, or fortuitous event, and the mere fact that the death was traceable to the decedent's act in pushing the wheelbarrow, in the sense that he probably would not have died that day if he had not been working, was not sufficient to sustain the award.

In the same class are *Gausman v. Pearson,* 284 Pa. 348, 131 A. 247; *Diriscavage v. Pennsylvania Coal Co.,* 96 Pa. Superior Ct. 189; *Weissman v. Philadelphia Electric Co.,* 111 Pa. Superior Ct. 353, 170 A. 318; *McFadden v. Lehigh Navigation Coal Co.,* 111 Pa. Superior Ct. 501, 170 A. 314; *Kincel v. Feraco Construction Co.,* 113 Pa. Superior Ct. 61, 172 A. 11; *Mager v. State Workmen's Insurance Fund,* 127 Pa. Superior Ct. 438, 193 A. 155; *Adams v. W. J. Rainey, Inc.,* 133 Pa. Superior Ct. 538, 3 A. 2d 270; *Maas v. Otis Elevator Co.,* 140 Pa. Superior Ct. 33, 12 A. 2d 814; *Thomas v. Tasty Baking Co.,* 140 Pa. Superior Ct. 76, 13 A. 2d 100; and *Pirillo v. Barber Asphalt Co.,* 140 Pa. Superior Ct. 334, 13 A. 2d 906.

In connection with the consideration of this class of cases it should be noted that there are numerous instances in which compensation was denied because of lack of proof, of the required standard, that death or disability had resulted from an accident rather than from a natural cause. These cases are cited in the footnote. [1]

It is clear from the foregoing review of the evidence in the present case that claimant's physical condition prior to his collapse was not such as to bring him within this class of noncompensable cases.

The next class of cases to which attention should be directed are those in which an employee's heart gives out, or some other organ is injuriously affected, by reason of what is sometimes termed "overexertion," but is more accurately described as "unusual" exertion. In this class awards have been sustained.

An illustration is furnished by *Murphy v. Philadelphia and Reading Coal and Iron Co.*, 98 Pa. Superior Ct. 108, where it appeared that the employee, who had arteriosclerosis, was engaged in shoveling rock, coal and dirt and that it was his duty to throw the contents of the shovel a distance of ten feet and over a partition which was four or five feet high. He collapsed, the injury being due to a ruptured blood vessel induced by the strenuous effort of the work. It further appeared

---

[1] *Lesko v. Lehigh Valley Coal Co.*, 270 Pa. 15, 112 A. 768; *Fink v. Sheldon Axle and Spring Co.*, 270 Pa. 476, 113 A. 666; *Riley v. Carnegie Steel Co.*, 276 Pa. 82, 119 A. 832; *Mauchline v. State Insurance Fund*, 279 Pa. 524, 124 A. 168; *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381; *Monahan v. Seeds and Durham Co.*, 336 Pa. 67, 6 A. 2d 889; *Saroka v. Philadelphia and Reading Coal and Iron Co.*, 87 Pa. Superior Ct. 503; *Mooney v. Yeagle*, 107 Pa. Superior Ct. 409, 164 A. 82; *O'Neill v. Lehigh Coal and Navigation Co.*, 108 Pa. Superior Ct. 425, 165 A. 60; *Blackwell v. Dahlstrom Co.*, 111 Pa. Superior Ct. 93, 169 A. 394; *Rocco v. Ellsworth Collieries Co.*, 111 Pa. Superior Ct. 508, 170 A. 316; *Swiderski v. Glen Alden Coal Co.*, 114 Pa. Superior Ct. 21,

that he had never done such work before. In allowing compensation the court pointed out that the employee was not performing his usual work when he collapsed, and that extraordinary exertion was necessary to do the work. Such a combination of circumstances was held to constitute an accident within the meaning of the statute.

Similar cases are *Durga v. Williams,* 89 Pa. Superior Ct. 156, where the employee singlehandedly moved a two hundred pound scoop ordinarily moved by two men; *Honis v. Coxe Brothers,* 95 Pa. Superior Ct. 209, where the deceased, a miner, exerted unusual effort in removing a large rock; *McCoy v. Spriggs,* 102 Pa. Superior Ct. 500, 157 A. 523, where an attack of apoplexy resulted from a friendly wrestling match; *Hughes v. Prizer-Painter Stove Works,* 109 Pa. Superior Ct. 53, 165 A. 527, where the deceased was cleaning scale from a boiler, which was not his usual work; *Barr v. Atlantic Elevator Co.,* 124 Pa. Superior Ct. 57, 187 A. 815, where the deceased collapsed after carrying heavy cables up a flight of stairs, this being unusual work for him. See also *Samoskie v. Philadelphia and Reading Coal and Iron Co.,* 280 Pa. 203, 124 A. 471; *Calderwood v. Consolidated Lumber Co.,* 91 Pa. Superior Ct. 189; *Zboro-*

173 A. 865; *Whitecavage v. Philadelphia and Reading Coal and Iron Co.,* 116 Pa. Superior Ct. 540, 176 A. 757; *Walsh v. Lockhart Iron and Steel Co.,* 118 Pa. Superior Ct. 467, 180 A. 123; *Morris v. Lehigh Valley Coal Co.,* 121 Pa. Superior Ct. 493, 184 A. 266; *McLaughlin v. P. H. Butler Co.,* 122 Pa. Superior Ct. 139, 186 A. 190; *Burrell v. State Workmen's Insurance Fund,* 127 Pa. Superior Ct. 510, 193 A. 439; *Amentlar v. New Upper Lehigh Coal Co.,* 131 Pa. Superior Ct. 97, 198 A. 678; *Sachs v. Mitchell,* 131 Pa. Superior Ct. 138, 199 A. 229; *Fetrow v. Oliver Farm Equipment Sales Co.,* 132 Pa. Superior Ct. 39, 1 A. 2d 249; *DiFazio v. J. G. Brill Co.,* 133 Pa. Superior Ct. 576, 3 A. 2d 216; *Orlando v. Pennsylvania Railroad,* 133 Pa. Superior Ct. 588, 3 A. 2d 220; *Elonis v. Lytle Coal Co.,* 134 Pa. Superior Ct. 264, 3 A. 2d 995; and *Byars v. Howard Cleaners, Inc.,* 140 Pa. Superior Ct. 188, 13 A. 2d 883.

*vian v. Suffolk Anthracite Co.,* 93 Pa. Superior Ct. 320;
*Foster v. State College Borough,* 124 Pa. Superior Ct.
492, 189 A. 786; and *Viehdorfer v. Cherry Run Coal Co.,*
125 Pa. Superior Ct. 201, 189 A. 782.

In this class may also be included *Skroki v. Crucible
Steel Co.,* 292 Pa. 550, 141 A. 480, where acute dilatation
of the heart resulted from unusual exertion in a hot
room; *Keck v. John Mullen Construction Co.,* 113 Pa.
Superior Ct. 564, 173 A. 863, where death resulted from
the perforation of a stomach ulcer through excessive
strain upon the abdominal muscles while the employee
was engaged in hard and unusual work; and *Watkins
v. Pittsburgh Coal Co.,* 278 Pa. 463, 123 A. 461, in
which the employee overexerted himself in climbing
stairs.

In the Keck case the medical testimony was to the
effect that the perforation of the ulcer was a most un-
usual occurrence and would not have happened in its
normal progress—a fact which distinguishes the Keck
case from *Pelusi v. Mandes,* supra, where the bursting of
the aneurysm was inevitable.

It must be conceded that the practical application of
the doctrine of this class of cases is frequently difficult.
While an accident is necessarily unusual, it does not
follow that everything which is unusual amounts to an
accident. Cf. *Dolinar v. Pittsburgh Terminal Coal
Corp.,* 140 Pa. Superior Ct. 543, 14 A. 2d 871, and
*Parks v. Miller Printing Machine Co.,* 336 Pa. 455, 9 A.
2d 742. In *Weissman v. Philadelphia Electric Co.,* 111
Pa. Superior Ct. 353, 170 A. 318, it was said that the
criterion of "unusualness" was not whether the act
causing the injury was unusual generally speaking,
but whether it was unusual and untoward in the course
of the employment in which the employee was engaged.

In the case at bar there was nothing unusual in the
circumstance that the elevator stopped below the floor
level, or that claimant and his fellow employee exerted
themselves to the extent necessary to push the truck

over the obstruction. We are therefore of opinion that the award cannot be sustained upon the ground of overexertion.

A third class of cases consists of those in which a weakened organ collapses by reason of some strain upon it, or a preexisting chronic condition is so aggravated that death or disability ensues, but the strain or aggravation is attributable to some external unexpected, fortuitous and untoward, occurrence aside from the usual course of events.

Thus in *Clark v. Lehigh Valley Coal Co.*, 264 Pa. 529, 107 A. 858, the employee had a weakened aorta which ruptured while at work as the result of vomiting. In *Yodis v. Philadelphia and Reading Coal and Iron Co.*, 269 Pa. 586, 113 A. 73, the deceased died as a result of the rupture of an artery following a blow on the head. In *Guyer v. Equitable Gas Co.*, 279 Pa. 5, 123 A. 590, a diseased pancreas was ruptured by a fall. In *Dewees v. Day*, 291 Pa. 379, 140 A. 345, a fall aggravated a latent arthritic condition. In *Jones v. United Iron and Metal Co.*, 99 Pa. Superior Ct. 394, a fall aggravated a condition of chronic myocarditis. In *Kotkoskie v. Northwestern Mining and Exchange Co.*, 105 Pa. Superior Ct. 480, 161 A. 480, the employee died of a ruptured blood vessel sustained while pushing a loaded coal car where the cargo had become wedged against the roof of a tunnel. Although the act of pushing the car was voluntary, it is apparent that the sticking of its load against the roof was an undesigned and fortuitous event, and was therefore accidental. In *Mohr v. Desimone and Sayers*, 110 Pa. Superior Ct. 44, 167 A. 504, an arthritic condition was aggravated by a fall. In *Lackner v. Pierre, Inc.*, 120 Pa. Superior Ct. 50, 181 A. 845, the employee, who had arteriosclerosis, suffered a cerebral hemorrhage as the result of a fall. In *Hill v. Thomas S. Gassner Co.*, 124 Pa. Superior Ct. 217, 188 A. 382, the decedent's collapse was the

result of heart failure occasioned by strain in attempting to push a stalled automobile, while in *Strode v. Donahoe's Fifth Avenue Store*, 127 Pa. Superior Ct. 231, 193 A. 86, the deceased suffered a coronary occlusion resulting from the effort of trying to open a sliding door which for some unexplained reason was stuck. In both of these cases the decedent's act was intentional, but the effort was necessitated by a fortuitous event.

Of course, in this line of cases there is always the problem of whether or not the event inducing the death, or aggravation, can properly be termed an accident. Thus in *Hoffman v. Rhoads Construction Co.*, 113 Pa. Superior Ct. 55, 172 A. 33, the employee's death was due to a dilatation of the heart induced by the intensity of his emotions following a heated argument with his foreman. It was held that there was no accident. In *Dolinar v. Pittsburgh Terminal Coal Corp.*, supra, the employee had a serious chronic heart ailment; it was contended he died as the result of exertion expended in attempting to place a derailed car back on the tracks. In reversing a judgment upon an award of compensation, HIRT, J., speaking for this court, said:

"The fatal weakness in the testimony on behalf of claimant is that it does not supply proof of an accident to decedent while helping to replace a derailed car at any time during the day of his death. There is no evidence of overexertion. The board drew the inference of undue exertion from the muscular effort required to restore a specific loaded coal car to the tracks; it characterized the derailing of that car as 'an unexpected or fortuitous happening' though it also found that similar derailments 'had often occurred in the course of decedent's work.' Manifestly there is nothing unexpected in that which often occurs, and there is no evidence that decedent exerted greater effort in this instance than on other similar occasions."

Where, however, an accident is shown, the ensuing disability or death is compensable. With respect to the

case now in hand, nothing more was shown to bring it within the class here under consideration than was presented in the Dolinar case.

There is a fourth class of decided cases to which, in the opinion of a majority of the members of this court, the case now at bar belongs. These cases have been held to be compensable upon the ground that sudden and undesigned internal violence may be so inflicted upon the physical structure of an employee by a twist, sprain, or the like, as to amount to an accident within the meaning of the statute, even when performing labor in a usual manner and without overexertion. Probably the best illustration of this rule is found in *Cowell v. F. W. Woolworth Co.*, 119 Pa. Superior Ct. 185, 180 A. 752. There the claimant, an employee in a store, was moving a basket filled with merchandise when she felt a sensation in her arm resembling an electric shock. Thereafter she was unable to work, and a medical examination revealed an injury to the left ulnar nerve. The employer contended the disability was not the result of an accident in that there was no fortuitous or undesigned external event nor was there evidence of unusual exertion.

In rejecting this contention it was said that such an injury to the physical structure of the body constitutes an accident even though incurred while performing labor in the usual way and without unusual exertion. There was nothing unusual in what the claimant did, but the effect was most unusual and unexpected.

In the same category are *Tracey v. Philadelphia and Reading Coal and Iron Co.*, 270 Pa. 65, 112 A. 740, where a cardiac collapse followed a sprained back, *Zukowsky v. Philadelphia and Reading Coal and Iron Co.*, 270 Pa. 118, 113 A. 62, where a sprain caused the rupture of a blood vessel; *Hamilton v. Pennsylvania Railroad*, 298 Pa. 22, 147 A. 837, where a preexisting condition of arthritis was aggravated by a sprain; *Melini v. Saltsburg Coal Mining Co.*, 119 Pa. Superior Ct. 356,

181 A. 330, where claimant's weak back was sprained while loading a lump of coal into a car; *Rice v. Stevens Coal Co.*, 120 Pa. Superior Ct. 15, 181 A. 516, where a sprain caused hemorrhoids; *Reffner v. Consolidation Coal Co.*, 121 Pa. Superior Ct. 11, 182 A. 762, where a sudden twist aggravated a preexisting back ailment; *Falls v. Tennessee Furniture Co.*, 122 Pa. Superior Ct. 550, 186 A. 272, where the claimant ruptured an ulcer from heavy lifting; and *Yankunos v. Hinds Co.*, 130 Pa. Superior Ct. 187, 196 A. 520, where a coronary occlusion resulted from lifting a heavy can.

Two additional cases of this class aptly illustrate the principle involved: *Betts v. American Stores Co.*, 105 Pa. Superior Ct. 452, 161 A. 589; and *Witt v. Witt's Food Market*, 122 Pa. Superior Ct. 557, 186 A. 275.

In the Betts case the employee had a preexisting latent arthritic condition. While walking backwards in a stooping position and carrying a "chuck" of beef weighing 100 pounds out of a refrigerator he was seized with a severe pain in the lower part of his spine. The referee made a finding that unusual pressure was inflicted upon the spinal nerves which traumatized them and set up an inflammation that resulted in a deposit in the spine and caused the disability for which compensation was awarded. In sustaining the judgment on the award, PARKER, J., pointed out that such an injury to the physical structure of the body may properly be considered an accident, within the intendment of the statute, though incurred while performing labor in the usual way and without overexertion. By way of illustration he remarked:

"One walking on a smooth pavement may turn his ankle in such a manner as to result in injuries that would prevent him from performing physical labor for some time, and it would scarcely be contended that this would not be an accident."

In the Witt case, a meat cutter lifted a quarter of beef weighing about 125 pounds to hang it on a hook

4 feet from the floor. As he did so, he felt a pain in his shoulder and back and became sick at the stomach. Thereafter he was unable to work because of the weakened condition of his heart, although prior to that time he had never experienced any heart trouble. The employer contended the claimant's act in lifting the beef was his regular work and hence there was no accident, but this court sustained a judgment upon the award, holding that the strain, coincident with the lifting and causing a sudden change in the physical structure of the employee's body, was the accident. In the course of the opinion it was said:

"Strain by lifting, as in the instant case, causing enlargement and decompensation of the heart, or aggravating a preexisting heart condition, is an accident, and compensable if it caused claimant's disability. We are of the opinion that the evidence warrants the finding that the claimant suffered an accident, and that the accident caused his existing disability. It appears that claimant was apparently healthy before the accident and able to perform his usual duties. He had experienced no cardiac trouble. Manifestations of an injury were immediately apparent after the claimant lifted the quarter of beef. . . . . . . Claimant's disability was immediate, apparent, and continuous from the time of the accident. It is not material whether the accident caused the enlargement or decompensation of the heart directly, or whether it aggravated a preexisting condition."

Granting, under the evidence upon this record, that the stopping of the elevator below the floor level was not unusual and that the exertion required to remove the truck on the morning in question was no greater than the claimant appellee had frequently put forth under similar circumstances, the fact remains that in the performance of his duties at that time he suffered a sudden and severe "cardiac strain, with resulting

decompensation and enlargement of the heart" (Record 48a), causing a total and permanent disability.

A majority of us think the present case, under all the evidence, is ruled by the Cowell, Betts, Witt and other cases cited in this fourth class, and that the judgment upon the award should be affirmed.

A classification of cases in which a preexisting organic weakness was a factor would not be complete without reference to several where an employee, having such a weakness, was accidentally injured and died as a result of treatment necessitated by the accident.

In *Hornetz v. Philadelphia and Reading Coal and Iron Co.*, 277 Pa. 40, 120 A. 662, held to be compensable, the index finger of the decedent's right hand was accidentally fractured. A surgical operation was necessary, and the employee died as a result of dilatation of the heart caused by the anaesthetic. Cases of the same class are *Yunker v. W. Leechburg S. Co.*, 109 Pa. Superior Ct. 220, 167 A. 443, where a weak heart gave way when the injured man saw a knife which was to be used in first aid treatment; *Flowers v. Canuso and Son*, 115 Pa. Superior Ct. 234, 175 A. 287, where a diseased heart failed when serum was injected following an accidental injury.

Another type of case, involving preexisting ailments, is illustrated by *McCarthy v. General Electric Co.*, 293 Pa. 448, 143 A. 116. There the employee's organic weakness caused him to fall. He suffered a concussion of the brain and died. The court pointed out that the death was caused by the fall, and not by the preexisting disease, and the fall was held to constitute an accident. True, the decedent would not have sustained the accident (i. e., the fall) had it not been for his organic ailment, but that fact was not deemed material. See also *Horn v. Fitler Co.*, 115 Pa. Superior Ct. 188, 175 A. 440, where the facts are substantially similar to those of the McCarthy case.

Judgment affirmed.